MARTIN THELL v. CLARENCE W. RAMUS.[1]

October 21, 1955.

No. 36,483.

John E. Harrigan, for appellant.

Thomas J. Battis and Murnane & Murnane, for respondent.

[1]Reported in 72 N. W. (2d) 618.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court in favor of the defendant and from orders of the district court denying plaintiff's motions for a new trial.

The only legal issue raised and argued by plaintiff in his brief is whether he is entitled to a new trial where he claims he is unable, because of the death of the official court reporter, to obtain a verbatim transcript of the reporter's shorthand notes taken during the trial.

The case was originally tried in district court and the jury returned a verdict in favor of defendant against plaintiff. About two weeks later the official court reporter at the trial of the action passed away. A month afterward plaintiff's present attorney was substituted for the attorney who represented him at the trial. The new attorney promptly instituted a motion for a new trial on the grounds that, due to the court reporter's death, it was impossible for him to obtain a verbatim report of the proceedings had in the trial, said motion being based on the affidavits of plaintiff's new attorney and of one Lyle D. Smith, an official court reporter. When the motion came on for hearing, February 8, 1954, plaintiff presented affidavits of three additional court reporters. At the same time, defendant offered a purported partial transcript of the shorthand notes of the deceased court reporter prepared by one Christopher Columbus, an unattached court reporter. The hearing was continued to February 19, 1954, at which time the defendant offered a purported transcript of the remainder of the shorthand notes. At that time a further continuance of the hearing was granted to May 4, 1954, in order to give plaintiff's counsel an opportunity to cross-examine the said Christopher Columbus. On July 7, 1954, plaintiff's motion for a new trial was denied by order of the court, and on July 28 plaintiff's motion to vacate said order of July 7 was denied.

An examination of the record by this court reveals that the affidavit of reporter Smith was the only one presented by the plaintiff which stated unqualifiedly that he would not be able to prepare a transcript. The other three affidavits all stated in general that, if

the affiant reporters were given enough time; the opportunity to study previous notes and transcripts of the deceased reporter; and access to the files in the case and any available notes of court and counsel, a transcript could be made. In regard to the affidavit of Mr. Smith it is noted that he does not state that he was familiar with the Gregg system of shorthand used by the deceased reporter. To the contrary, the court in its memorandum took judicial notice of the fact that Smith is a stenotype reporter and uses that system in his work as an official court reporter rather than the Gregg shorthand system.

Plaintiff assigns as error the trial court's conclusion that what can be termed "a fair and reasonable" transcript of a deceased court reporter's shorthand notes made by an unattached reporter employed by the adverse party would serve the purpose of obtaining a review on appeal. Plaintiff argues in his brief that the substitute transcript offered and received in this case in no way approaches the official record but concedes that if the transcript had been prepared by one acting officially and under the legal sanction imposed thereby his position might have been different. However, plaintiff cites no cases for the proposition that a case may be settled, in a situation such as the one at bar, only upon a transcript prepared by an official reporter.

In Mason's Dunnell, Minn. Pract. § 2096, it is stated that the mere inability to obtain a transcript of the proceedings at the trial should not require a new trial without an effort being made to supply the deficiency through the settlement of a case from the best sources at hand. It further states that, when, however, without fault of the moving party such notes have been lost or destroyed, a new trial should be granted in order to prevent injustice resulting from inability to prepare and present the case properly, but only on a showing that a case cannot be settled without a transcript or that a transcript cannot be made by another reporter or stenographer from the notes of the reporter who took them. While it is obvious that a reporter should be able to read his own shorthand notes better or more easily than those of another reporter, we cannot say as a

matter of law that in no case can a good reporter read the notes of another good reporter; rather it appears to us to be a fact question in each instance. People v. Chessman, 35 Cal. (2d) 455, 218 P. (2d) 769, 19 A. L. R. (2d) 1084, with Annotation at 1098. We fail to see that it is material, in a situation such as presented in the case at bar, whether the notes are transcribed by an official reporter as distinguished from one who is not employed by the Minnesota courts. In any case where a written statement of the proceedings is used on an appeal, such case must be presented to the judge or referee who tried the cause for settlement. Rule 59.07 of Rules of Civil Procedure (under prior practice M. S. A. 1949, § 547.05). Therefore, in this situation it would be up to the trial judge to settle the case if he determined that the transcript presented was a fair and reasonable transcript of the deceased reporter's shorthand notes.

It is conceded by defendant that the previous rule set out in Peterson v. Lundquist, 106 Minn. 339, 119 N. W. 50, to the effect that the inability of a reporter to furnish a report was no ground for a new trial has been superseded by Rule 59.01(8), which provides that a new trial may be granted when a transcript of the proceedings at the trial cannot be obtained. The trial court said in a memorandum attached to its order denying plaintiff's motion for a new trial that, from its examination of the Columbus transcript which had been presented to him and from a comparison thereof with the court's trial notes and the copy of the court's charge to the jury, it was the court's opinion that the transcript is a fair and reasonable transcript of the deceased reporter's shorthand notes taken at the trial and would serve the purpose of obtaining a review on an appeal in accordance with the constitutional rights of the plaintiff.

The trial court also recognized in its memorandum that disposition of the motion in the instant case might not seem consistent with its granting a new trial in two other cases (consolidated for trial) on the same grounds due to death of the court reporter. The court noted, however, that no transcript had been prepared and presented to it in those cases as had been done in the case at bar and that the court was not convinced in the other cases, from the representations

made, that a transcript of the proceedings of said trials could be produced.

From an examination of the record here, as well as the authority cited, it is our opinion that the granting of a new trial was a matter clearly within the discretion of the trial court and that, where there was no abuse of such discretion, its decision must be affirmed. We have carefully examined the record and find no such abuse of discretion as would justify a reversal.

It is apparent from the record here that approximately 162 characters in the original notes of the deceased reporter have not been deciphered. According to the trial court's memorandum, many of these appear from the context to have to do with measurements, distances, and proper names. The record indicates that Mr. Columbus, who made the transcript, claims that he could complete this transcript if he had additional time to decipher certain characters. We have every confidence that, if it is necessary for the reporter to have some further time to supply the additional words, the trial court will favorably consider any reasonable request for such an extension of time.

Affirmed.