(No. 35128.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* OSCAR BRAGG, Plaintiff in Error.

*Opinion filed March 20, 1959.*

THOMAS P. SULLIVAN, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1940 the defendant, Oscar Bragg, was tried for murder before a jury which found him guilty and fixed his sentence at imprisonment in the penitentiary for a term of 199 years. He filed a post-conviction petition in 1949 in which he charged that his appointed counsel was incompetent, that negroes were systematically excluded from the jury before which he was tried, and that after the jury had retired the trial judge, in his absence, gave them additional instructions as to the number of years he would be required to serve under various sentences. The trial court heard evidence on these issues and denied his petition. This court affirmed, (P.C. No. 1542) and the Supreme Court of the United States denied *certiorari.* 347 U.S. 970, 98 L. ed. 1111.

After *Griffin* v. *Illinois* (351 U.S. 12, 100 L. ed. 891) was decided by the Supreme Court of the United States on April 23, 1956, the defendant applied for a transcript of the proceedings at his trial, and on November 15, 1956, an order was entered directing the official court reporter to transcribe his shorthand notes and deliver a copy of the transcript to the defendant. Thereafter it was discovered that the court reporter who had reported the trial had died in 1950.

On January 25, 1957, upon the State's motion, the court entered an order finding "that it is impossible to furnish * * * a transcript of his trial," and vacating the order

which directed that the transcript be furnished. A motion for a new trial was made in the trial court upon the ground that because Bragg is precluded from obtaining a full review of his original trial, he is entitled to a new trial which may then be reviewed in due course. This motion was denied. The trial court then granted Bragg's motion for leave to file a supplemental petition under the Post-Conviction Hearing Act. The State moved to dismiss the supplemental petition and the motion was granted.

The defendant's two petitions for writ of error, one to review the order denying his motion for a new trial and the other to review the order dismissing his supplemental petition, have been allowed and consolidated, and are now before us.

The parties have argued the case upon the assumption that the issue is whether a new trial must be granted because the court reporter is not available and it is impossible to transcribe his notes. In our opinion that question does not arise upon this record. The reporter's full notes of the proceedings at the trial are apparently available. To establish that it is not possible to transcribe those notes, the defendant relies upon the affidavits of two court reporters which appear in the record. One of these affidavits was submitted in connection with the State's motion for an order vacating the order directing that the transcript be furnished. That affidavit was made by Ned D. Hosford, Jr., an official court reporter of the criminal court of Cook County and it states that the case was reported by "Mr. E. M. Allen who is now deceased and whose shorthand notes cannot be transcribed after all diligent and reasonable effort has been made." A subsequent affidavit of the same reporter, presented in connection with the petitioner's motion for a new trial, states: "The shorthand notes of said trial are now in the custody of the Clerk of the Criminal Court of Cook County, Illinois. I have perused said notes and can verify that they are not of the system commonly referred to as the 'Gregg' system

of shorthand. Accordingly, I cannot decipher or transcribe said notes."

The affidavit of the second court reporter, Michael T. Organ, states that at the request of defendant's present counsel, who was appointed by this court, he viewed, and studied for an hour, the shorthand notes of the trial; that they are written in the Munson system of shorthand with many variations; that the Munson system is itself a variation of the Pitman method; that the Munson system was taught in the high schools, private schools and business colleges in and around Chicago but was discontinued in the 1930's; that the affiant does not know of any other court reporter who uses or reads the Munson system; that he is of the opinion that "it may be impossible for anyone familiar with the Munson system, even an expert, to decipher, read and transcribe said notes"; that he believes that he would be unable to furnish a satisfactory transcript thereof; that "in the event I am able to decipher Mr. Allen's notes so as to furnish a satisfactory transcript of said notes, I believe it would take me no less than 200 hours to complete the transcript." The affiant further states that he now manages a court reporting firm, that he has not actively engaged in court reporting since 1953 and that he would be "unwilling to undertake to attempt to decipher, read and transcribe the aforesaid notes either voluntarily or for compensation."

We are by no means satisfied from the showing that has been made that it is not possible to decipher the reporter's notes. The affidavit of a court reporter who uses a different shorthand system is not persuasive. And the affidavit of the retired reporter savors more of personal reluctance to undertake the task than of its impossibility. The judge who tried the case in 1940 is still alive. The appointed attorney who represented him upon his trial is presently a judge of the municipal court of Chicago. The assistant State's Attorney who conducted the prosecution may also be available. We are confident that they will assist

in transcribing the notes and in preparing an adequate bill of exceptions, if it should develop that their assistance is necessary. A serious effort to have the court reporter's notes transcribed should be made. The responsibility for this undertaking rests primarily upon the State, with the co-operation of counsel for the defendant. Only in the event that a satisfactory record cannot be obtained after diligent and purposeful efforts have been made, would the question that is argued by counsel arise.

The orders denying the defendant's motion for a new trial and dismissing his supplemental post-conviction petition are vacated, and the causes are remanded to the criminal court of Cook County.

*Reversed and remanded.*