128 So.2d 765 (1961)
Arthur BURTON, Appellant,
v.
STATE of Florida, Appellee.
No. 1514.
District Court of Appeal of Florida. Second District.
April 5, 1961.
Rehearing Denied April 25, 1961.
Hal S. Ives, Ives & Davis, West Palm Beach, for appellant.
Richard W. Ervin, Atty. Gen., David U. Tumin, Asst. Atty. Gen., for appellee.
ALLEN, Chief Judge.
This is an appeal from a judgment and sentence of the defendant based upon a jury verdict finding the defendant guilty on three counts of having been an accessory before the fact to uttering a forgery.
The court has read the record of the testimony consisting of approximately 500 pages, in addition to the facts set forth in the briefs and appendices of the state and the defendant.
*766 The defendant was president of Rock Land Corporation and several other "paper" corporations which engaged in buying unredeemed tax certificates, tax deeds, quit claim deeds, and resold the lands involved. The deeds in question were recorded in Palm Beach County on May 21 and 22, 1956. The defendant and his brother testified that they were in the southern part of Dade County on these dates. The defendant stated that he did not remember these deeds, but that they would have been handled by George Provost, the corporation's attorney. The deeds were quit claim deeds to the Rock Land Corporation, with the record owners' names forged on the deeds.
Provost testified that he knew nothing about the deeds and did not have them recorded. The land covered by the deeds was subsequently sold by Rock Land to innocent purchasers and the deeds of conveyance were signed by the defendant as president of Rock Land Corporation. We are satisfied that there was sufficient evidence before the jury from which they could conclude that the defendant was guilty on the three counts hereinabove mentioned.
The attorney for the defendant cogently argues that under the circumstances hereinafter related, this court should order a new trial for the defendant.
The court reporter who took the testimony of the trial was committed to a state mental hospital before he transcribed his notes of the testimony. After this appeal was filed Judge Newell, the able trial judge, died. The prosecutor during the trial resigned from the county solicitor's office after the trial. The petitioner requested this court, on June 14, 1960, to reverse the lower court and grant a new trial based upon the foregoing sequence of events. The motion was denied by this court on June 21, 1960, and the case was set for argument on the merits.
This court concedes the unusual complications which confronted the attorney for the defendant on this appeal. The appellant, however, on page 13 of his brief states:
"* * * It is here conceded, however, that the Record of the Testimony is substantially correct, however, it does appear from the Record (T.T.-465) that at one point after this case had gone to the Jury that the Jury returned to the courtroom and made a request of the Court that the Reporter read back to the Jury some testimony in regard to the question and answer that one, PROVOST, a witness for the State, gave in regard to money he received from a corporation or from the defendant.
"It appears in the Transcript, on the page above set forth, as follows:
"`Nothing in the shorthand notes of the official Court Reporter reflects what testimony was read.'
"So, it may be that the defendant is prejudiced in his appeal to this Court by reason of defects or ommissions in the Record which cannot now be corrected because of the peculiar circumstances existing in this case."
There is a presumption on appeal that the defendant has been accorded a fair trial and that the judgment is valid. The appellant, therefore, bears the burden of showing either prejudicial error in the record or prejudicial inadequacy of its content.
The Supreme Court of California, in the celebrated Chessman case, People v. Chessman, 35 Cal.2d 455, 218 P.2d 769, 772, 19 A.L.R.2d 1084, was confronted with a very similar question as the one we have before us in the instant case. The court reporter died after the trial and after transcribing a portion of his notes. The court appointed a substitute reporter who certified that the transcript prepared by him through notes, *767 records and recordings of the deceased reporter was full and correct to the best of his ability.
The defendant claimed that the transcript was not prepared in the manner required by law and that it was incomplete and inaccurate and that no complete, accurate and adequate record could be obtained.
In its opinion, the California Supreme Court said:
"Defendant, as stated above, urges that the reporter's transcript filed with this court is not, and cannot be made, complete, accurate, and adequate for a fair disposition of his appeal. Concededly the reporter's transcript filed in this appeal is not a verbatim record of every word that was said in the trial court. But it is certified to be `full, true and correct * * * to the best of [the transcribing reporter's] ability'; and the trial court determined that the transcribing reporter's ability was sufficient to produce an adequate record. Although reporters who live until their transcripts have been typed, whether by themselves or as is more usual by their transcribers from their dictation, attach to the transcript a certificate, in the language of Rule 35(b), `that it is correct,' reality requires us to recognize that such certificate means no more than that the transcript is correct to the best of the particular reporter's and the transcriber's abilities. Certainly it is to be expected that a reporter can read his own shorthand notes better or more easily than those of another reporter; but this does not mean that in no case can one good reporter read and transcribe with substantial accuracy the notes of another. It is essentially a question of fact to be determined in each case in which it may arise. Here the trial judge, aided by his own copious notes, has determined that the record is adequate. Conceivably, the respective and particular abilities of the reporters and transcribers in this case may have produced a record as complete and accurate as a record in some other case wholly taken, transcribed and certified by a single reporter. The minimum statutory requirements for court reporters (immediate transcription of material dictated at the rate of 150 words per minute for 5 minutes; Code Civ.Proc., § 270) obviously do not insure that all official reporters can produce altogether complete and accurate transcripts of lengthy trials wherein testimony and argument are rapidly presented over extended periods."
We note in the above quoted case that the trial judge was able, from his notes, to help complete the record and that unfortunately in the instant case the trial judge had passed away, but this additional fact does not obviate the duty of the appellant to show that the record, which was prepared by others who were able to read the notes of the court reporter, was inaccurate in any way that would affect the legality of the record presented on this appeal.
In Gibbs v. Crittenden, Tex.Civ.App., 262 S.W.2d 804, a new trial was granted where the court reporter, because of illness, was unable to complete the record and there was no reasonable probability he would ever be able to transcribe the notes or read them to any other court reporter.
This question has arisen in many jurisdictions and the decisions generally have been that when the court reporter who took the testimony of the witnesses is unable to transcribe his notes by reason of his death or otherwise, if other court reporters could transcribe the notes this would be sufficient. See United States v. Di Canio, 2 Cir., 245 F.2d 713, certiorari denied 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79; Herring v. Kennedy-Herring Hardware Co., 6 Cir., 261 F.2d 202; People v. Bragg, 16 Ill.2d 336, *768 157 N.E.2d 57, and Thell v. Ramus, 245 Minn. 409, 72 N.W.2d 618.
We hold, under the circumstances set forth in this case that the appellant has failed to demonstrate any prejudice or unfairness in the record presented and, therefore, the judgment of conviction and sentence of the defendant should be affirmed.
Affirmed.
KANNER and SHANNON, JJ., concur.