(No. 37712.—

THE·PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DON RICHARD LEGO, Plaintiff in Error.

*Opinion filed January 21, 1965.*

KENNETH J. BRUNDAGE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and ELMER C. KISSANE and JOHN GANNON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Don Richard Lego, was indicted in the criminal court of Cook County on the charge of robbery. He was tried by a jury, found guilty and sentenced by the court to a term in the penitentiary of not less than 25 nor more than 50 years. He prosecutes this writ of error from that judgment.

Defendant complains that he was denied due process of law, contending that a question of insanity was raised and the trial court erred in not conducting a sanity hearing before a jury pursuant to statute.

The basis for defendant's objection is that on the day of trial the public defender informed the court that he had just been handed a note written and signed by the defendant, which stated as follows: "I feel I am not competent to stand trial due to the fact I suffer from blackout spells." The attorney for the defendant then moved the court for a Behavior Clinic examination. This motion was denied by the court.

Although there was no formal request for a sanity hearing and no suggestion of insanity as such, defendant argues on appeal that the note and motion for a Behavior Clinic examination was sufficient to require the court to conduct a sanity hearing and that failure to do so was a violation of due process.

The trial, adjudication, sentence or execution of a person charged with a criminal offense, while insane, is a violation of due process of law. (*People v. Burson,* 11 Ill.2d 360; *People v. Reeves,* 412 Ill. 555; *People v. Maynard,* 347 Ill. 422.) This court has held that a formal petition for a sanity hearing is not necessary. The question of a defendant's sanity may be raised by oral suggestions of counsel during the trial, and if made in good faith, it becomes the duty of the court to conduct a hearing before a jury upon the issue, and the denial thereof is a violation of due process. (*People v. Burson,* 11 Ill.2d 360; *Brown v. People,* 8 Ill.2d 540.) A trial judge has a duty to impanel a jury to determine whether an accused is capable of understanding the nature of the charges against him and of co-operating with his counsel whenever facts that give rise to a *bona fide* doubt as to the defendant's sanity are brought to the attention of the trial court, either from observation of the defendant or from suggestion by counsel. *People v. Harper,* 31 Ill.2d 51; *People v. Richeson,* 24 Ill.2d 182; *People v. Burson,* 11 Ill.2d 360.

Counsel's motion for a Behavior Clinic examination alone was insufficient to raise a *bona fide* question as to the defendant's capacity to stand trial. (*People v. Harper,* 31 Ill.2d 51; *People v. Cleggett,* 22 Ill.2d 471.) The question, therefore, is whether all the facts presented to the trial court were sufficient to raise a *bona fide* doubt as to the defendant's sanity.

At no time did counsel for the defendant state that the defendant was unable to co-operate with him or was unable to comprehend the nature of the charges against him. De-

fense counsel did not contend that there were any other factors bearing on defendant's competency; he merely read to the court a self-serving note written by the defendant. The defendant testified lucidly and at great length with myriad details during the trial. His conduct and testimony gave every indication that he was thoroughly oriented, aware of the nature of the proceedings and gave intelligent co-operation to his counsel, both on the hearing of the motion to suppress the confession and during the jury trial itself. In our opinion there were not sufficient facts presented to the trial court to raise a *bona fide* doubt as to the defendant's sanity and therefore the trial judge was not required to conduct a sanity hearing.

Prior to the trial on the merits the defendant made a motion to suppress an oral confession reduced to writing, contending that the confession was given as a result of coercion. After hearing, the court denied the motion and the defendant urges error in this ruling.

The law is clear that only voluntary confessions may be used as evidence against an accused and that confessions procured through force, threats or offers of leniency are inadmissible. However, the question of the voluntary character of a confession is for the trial court to determine, and unless it can be said that the decision of the trial court is manifestly against the weight of the evidence, the decision of the trial court will not be disturbed. *People* v. *Weger,* 25 Ill.2d 370; *People* v. *Miller,* 13 Ill.2d 84; *People* v. *Townsend,* 11 Ill.2d 30.

The defendant claims that his oral confession was coerced by reason of a beating by the police in the squad car as he was being taken to the station and by a further beating while handcuffed in a chair in the police station and by police threats in the station. Defendant's claims are unsubstantiated and categorically denied by all the witnesses offered by the prosecution. While the trial court's decision on the motion to suppress was not against the mani-

fest weight of the evidence, defendant complains that the confession was wrongfully admitted into evidence because the prosecution failed to call all the witnesses thereto or to sataisfactorily account for their absence.

This court has established the rule that the State is required to produce all material witnesses on the issue of voluntariness of a challenged confession and that all such witnesses must be produced or their absence satisfactorily explained. (*People* v. *Sims,* 21 Ill.2d 425.) This rule, however, applies only to material witness and it is not necessary to call all persons who may have seen the defendant during his incarceration and who had nothing to do with his supervision or confession. *People* v. *De Simone,* 27 Ill.2d 406, 410.

Defendant argues that it appears that a police magistrate, one Judge Robinson, was called to the police station and was present for most of the time the defendant was held there. It also appears that a 17 or 18-year-old boy was present at the time the defendant was arrested and taken to the police station. Neither Judge Robinson nor the boy testified and it is claimed that the motion to suppress should not have been denied as both were material witnesses.

It is undisputed that the defendant, a 29-year-old admitted ex-convict, entered the home of Raymond Termunde and accosted Termunde and his three children with a gun, announcing, "This is a stickup." He took ninety dollars from Termunde, and then shot him in a subsequent scuffle. Defendant was arrested by the police while still in the Termunde home.

The defendant at the trial, while continuing to claim police brutality, testified that he would have made the statement anyway. We conclude that the trial judge's ruling that the confession was voluntary was not against the manifest weight of the evidence.

Under these circumstances, while it may have been better practice for the State to have called Judge Robinson

and the boy, we cannot say that the failure to do so denied defendant due process or prejudiced him in any way. *People* v. *Kraus,* 395 Ill. 233.

Defendant also contends that certain statements of the trial judge deprived him of a fair and impartial trial. We have examined the record and find this claim is entirely·unsubstantiated. The instances cited in defendant's brief cannot be said to have prejudiced him, or denied him the right to a fair trial.

Upon the entire record it appears that defendant received a fair trial. He was caught red-handed and the evidence of his guilt was conclusive. We therefore affirm the judgment of the trial court.

*Judgment affirmed.*