(No. 40357.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIAM BRACY, Appellant.

*Opinion filed November 30, 1967.*

WARD, J., took no part.

SHELDON ROODMAN, of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES B. ZAGEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County, denying defendant's petition for a hearing under the Post-Conviction Hearing Act. The defendant, William Bracy, was indicted for armed robbery. He was represented by privately retained counsel and pleaded guilty and was sentenced to eight to twenty years in the penitentiary. He then filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 *et seq.*) alleging that he was an indigent and that his constitutional right to due process was violated by the State's refusal to furnish him with the funds for a psychiatric examination. The State's motion to dismiss was sustained on the ground that the petition failed to state facts upon which relief could be granted under the Act.

360

The sole claim of the defendant is that he was not provided with an adequate opportunity, either to evaluate a defense of sanity or to develop such a defense, which resulted in a substantial denial of his constitutional right to due process of law. His petition did not allege that he was insane, either at the time of the alleged commission of the offense or at the time of trial. Rather, his claim is based upon the sole fact that on May 17, 1965, counsel of defendant's own choosing made a motion for a Behavior Clinic examination. The court granted the motion and entered an order for a psychiatric examination to be completed and returned to the court on or before May 28, 1965. In a letter dated May 28, 1965, Dr. Haines of the Behavior Clinic explained that the clinic could not comply with the order because of the short notice. At no time did defendant or his counsel request any continuance for the purpose of permitting the Behavior Clinic to make such examination, nor did the defendant request an independent psychiatric examination. Instead, the defendant acting upon advice of highly competent privately retained counsel entered a plea of guilty to the charge.

We do not base our opinion on the ground that defendant has waived his right, but have examined the entire record, including all the allegations of the petition, and find that there are no facts to suggest in any way that the defendant was mentally incapable of standing trial or that he was insane at the time of the commission of the offense. The routine reference of defendant's case to the Behavior Clinic cannot, in itself, be considered reason for granting an unrequested hearing on the issue of sanity (*People* v. *Lego*, 32 Ill.2d 76), and the failure of the State to provide other psychiatric examinations without request cannot be elevated to an issue of constitutional dimension.

The trial court was clearly correct in dismissing defendant's petition for a hearing under the Post-Conviction Hear-

ing Act, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.