**People of the State of Illinois, Plaintiff-Appellee, v. Larry S. Bosveld, Defendant-Appellant.**

**Gen. No. 52,615.**

First District, Fourth Division.

April 9, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Haddad, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Larry S. Bosveld, was charged with the crime of murder. After a jury found him guilty of that crime, he was sentenced to the Illinois State Penitentiary for a term of not less than 14 nor more than 20 years. He appeals, contending that his oral confession to the police should be suppressed because he was not properly advised of his right to counsel, and secondly, because it was obtained under a promise of leniency.

Prior to trial, the court conducted a hearing on defendant's motion to suppress the confession. A summary of the facts elicited at that hearing follows.

Sergeant Joseph DiLeonardi of the Chicago Police Department testified for the State that he arrested the defendant on August 8, 1966, in the vicinity of 1100 North Clark Street, Chicago. He told defendant that he was being arrested for investigation of a murder, informed him of his right to remain silent, that anything he stated would be used against him, that he had the right to obtain an attorney and that if he didn't have the finances that one would be furnished. After defendant was taken to the police station, the officer again informed him of his rights, this time stating that he had a right to have counsel present. Defendant then told the officer what had occurred on the night of the murder. Officer Richard Bock, Roger Moses and Jesus Otero were in the squad car when he first informed defendant of his rights. There was no conversation about a mental institution and

318

no promises were made to defendant in return for his statement.

Officer James McGreal of the Chicago Police Department testified for the State that he had a conversation with defendant shortly after the sergeant talked with him. McGreal first informed defendant of his right to remain silent, his right to have counsel and that if he could not afford an attorney one would be appointed. Defendant then gave an oral statement as to what had occurred, but refused to give a written statement.

Jesus Otero, a friend and former roommate of defendant, testified for defendant that he and Roger Moses were with the defendant at the time of his arrest. Sergeant DiLeonardi told Moses and him to leave the scene, and he did not hear the officer advise defendant of his constitutional rights. Later that afternoon he and Moses were taken to the police station and he was present during questioning of defendant by the police. He heard the police tell defendant that "they could put him through treatments for a year and a half and then—that would be the end of the case." He did not remember whether any of the officers advised defendant of his constitutional rights at the police station. On cross-examination he remembered someone mentioning to defendant about his right to have an attorney, and that any statement made by him could be used against him.

Defendant, 22 years of age, testified that at the time of the arrest, the police sergeant did not state why he was under arrest, and did not inform him of his constitutional rights. He was not informed of those rights at the police station, but rather was promised by Di Leonardi that if he confessed he would be sent to a mental institution for a year and a half. On cross-examination defendant was asked to relate in detail just what promise was made by the police sergeant. Defendant replied ". . . I don't remember word for word but I did, after Otero had talked to DiLeonardi, DiLeonardi just did

promise me a year and a half if I would—I forget just how he did that, if I said I did that." He then was persuaded to give a statement. Defendant had been a voluntary patient at a mental institution in Iowa for 90 days when he was 15 years of age.

The trial court denied the motion to suppress the confession, and a trial by jury ensued. At that trial Officer McGreal testified as to the confession made by defendant, but Sergeant DiLeonardi was not called as a witness. The State agrees that the admissibility of the testimony of Officer McGreal at trial concerning the oral confession depends upon the sufficiency of the warnings given by Sergeant DiLeonardi.

Defendant's first contention is that his oral confession should be suppressed since he was not properly informed of his right to have counsel present during his interrogation. While denying that he received any warnings, he argues that, even accepting the State's evidence concerning the constitutional warnings, the manner in which he was informed did not make him aware of his right to have the immediate presence of counsel.

In Miranda v. Arizona, 384 US 436 (1966), the United States Supreme Court held that a person must be made aware of his constitutional rights before interrogation by the police. Specifically he must be aware that he had the right to the presence of an attorney during any interrogation.

In Coyote v. United States, 380 F2d 305 (10th Cir 1967), in language appropriate to the case at bar, the court stated at page 308:

> "Surely Miranda is not a ritual of words to be recited by rote according to didactic niceties. What Miranda does require is meaningful advice to the unlettered and unlearned in language which he can comprehend and on which he can knowingly act. We

will not indulge semantical debates between counsel over the particular words used to inform an individual of his rights. The crucial test is whether the words in the context used, considering the age, background and intelligence of the individual being interrogated, impart a clear, understandable warning of all his rights."

■ At the hearing on defendant's motion to suppress the confession, Sergeant DiLeonardi, after testifying that he warned defendant of his rights including the right to obtain counsel at the scene of the arrest, went on to say that he had a further conversation with the defendant at the police station. When asked what he said, DiLeonardi made the following reply:

"I informed the defendant that he has a right to remain silent, that anything he states will be used against him, and that he is also entitled *to have an attorney present,* and that if he can't afford an attorney we will furnish him one." (Emphasis supplied.)

The sergeant then testified that defendant stated that he did not need an attorney and would tell his story without an attorney present. Defendant contends that as a result of the wording of the warning, he believed that he was entitled to have an attorney at trial but did not realize that he was entitled to have an attorney present at the interrogation. In the context that the warning was given, it clearly referred to an immediate interrogation. After being informed that he had the right to remain silent and that what he said would be used against him, he was informed that he had the right to have counsel present. Obviously the sergeant was discussing an interrogation which was about to begin. In addition, the sergeant further testified that defendant said that he did not need an attorney and he would tell

his story. Unquestionably the defendant understood that he was entitled to have counsel present at that time.

The trial court found that the defendant understandingly waived his right to counsel after sufficient warnings of his rights. That determination by the trial court was proper.

Defendant also contends that his oral confession was inadmissible because it was obtained by a promise of leniency, arguing that it was secured as a result of the police sergeant's promise that if he made a statement, he would be sent to a mental institution for a year and a half.

■■ A confession obtained by a promise of leniency or encouragement of any benefit or favor made by police officers is not voluntary, and therefore not admissible. People v. Lego, 32 Ill2d 76, 203 NE2d 875 (1965). However the decision of the trial court on the issue of the voluntariness of a confession will not be disturbed unless manifestly against the evidence. People v. Myers, 35 Ill2d 311, 220 NE2d 297 (1966); People v. Kirk, 36 Ill2d 292, 222 NE2d 498 (1966).

■ The testimony of Sergeant DiLeonardi was in direct conflict with that of defendant and Jesus Otero regarding a promise of leniency. The trial court chose to believe the police officer. However the defendant argues that it is improbable and contrary to human experience that after being advised of his constitutional rights, a person would confess a murder to a police officer without urgings or promises from anyone. We believe that voluntary or freely-made confessions of guilt occur frequently, and constitute proper evidence of convincing character. We also believe that the trial court could properly find that the testimony of the police sergeant was more credible than that of defendant, particularly since the latter was so vague about the promise made by the police.

We find that the trial court committed no error in admitting the oral confession into evidence. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.