**UNITED STATES of America ex rel. Don Richard LEGO, Petitioner,**

v.

·**Frank J. PATE, Warden, Respondent.**

**No. 69 C 754.**

United States District Court
N. D. Illinois, E. D.

Jan. 13, 1970.

William Scott, Atty. Gen., Warren K. Smoot, Asst. Atty. Gen., State of Ill., Chicago, Ill., for respondent.

Don Richard Lego, pro se.

## MEMORANDUM OPINION

WILL, District Judge.

Petitioner is presently incarcerated in the Illinois State Penitentiary, Stateville Branch, pursuant to his conviction by the Criminal Court of Cook County for the offense of Armed Robbery. Petitioner was tried before a jury and found guilty on February 24, 1961. He was sentenced by the court to a term of not less than 25 or more than 50 years. Following his conviction, petitioner appealed directly to the Illinois Supreme Court. That Court affirmed the judgment of the trial court. People v. Lego, 32 Ill.2d 76, 203 N.E.2d 875 (1965). Petitioner has also sought post-conviction relief via both post-conviction and habeas corpus (federal and state) petitions.[1] Petitioner has heretofore sought habeas corpus relief in this Court. We denied petitioner's latest petition on April 15, 1969, and he comes now upon a petition for rehearing, asking us to reconsider our order of April 15.

Petitioner reiterates that the identical issues raised in his earlier petition were presented to the Cook County Circuit Court. He further states that his post-conviction petition and state habeas corpus petition were denied on the ground that consideration of both the old and the new issues was precluded by the doctrine of *res judicata* because of the Illinois Supreme Court's affirmance of petitioner's conviction on direct appeal. People v. Lego, *supra.* Petitioner submits that he has exhausted his presently available state court remedies as required by 28 U.S.C. § 2254.

Upon reconsideration, we agree with petitioner We do so for two reasons. First, at the time the April opinion was filed we were of the opinion that, since petitioner raised only the question of the admissibility of his confession in his appeal to the Supreme Court of Illinois and not the issue raised here, he had not exhausted. We adopted this position because it was assumed at that time that petitioner could avail himself of Ill.Rev. Stats., ch. 38, section 122–7, and could seek review of the new issues by having the Illinois Supreme Court review the dismissal of the recent post-conviction hearing petition. After a more thorough examination of section 122–7 we realize that, although the section permits a review of any final judgment entered upon a petition for a post-conviction hearing, such review must proceed "as an appeal in civil cases," because a post-conviction hearing proceeding is civil in nature. Therefore, petitioner must file a notice of appeal within 30 days. (S.H.Ill.Ann.Stats., Ch. 110A, sec. 303(a)). This section allows an appeal only within its 30 day time limitation. It does not permit, as did an earlier section, an appeal within one year by order of the reviewing court entered within 14 months from the entry of the order, decree, judgment or other determination. Because petitioner did not prosecute a notice of appeal within the prescribed time, he no longer has available this state court remedy.

Second, because a petition for a State writ of habeas corpus may be filed either originally in the Supreme Court or in the Circuit Court, a denial of a habeas corpus petition by a state Circuit Court in Illinois is not reviewable by the Illinois Supreme Court. White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348 (1945), rehearing denied 326 U.S. 807, 66 S.Ct. 133, 90 L.Ed. 492. This rationale corroborates the enunciated intent of the Illinois post-conviction hearing remedy. This remedy is intended to be the complete post-conviction remedy for persons convicted of crimes and who claim that the proceedings contained constitutional violations. People v. Bragg, 16 Ill.2d 336, 157 N.E.2d 57 (1959). Thus, petitioner is presently

---

1. Post-conviction petition #1167, on July 20, 1961, before Judge Salter, Denied; Post-conviction #1417, on February 16, 1967, before Judge Power, Denied; and State Habeas Corpus petition #45391, on August 14, 1968, before Judge Fitzgerald, Denied.

without any available state remedy as he cannot appeal from either the Circuit Court's denial of his State habeas corpus petition or from the denial of his post-conviction hearing petition. Because petitioner is without any state court remedy we must consider the merits of his contentions.

■ Petitioner alleges that the Illinois evidentiary procedure for determining the voluntariness of extra-judicial confessions is so unreliable as to contravene his Fourteenth Amendment right to due process. Specifically, petitioner contends that, since the trial judge in the preliminary determination of voluntariness outside the presence of the jury is not required to find beyond a reasonable doubt that the confession was voluntary, the procedure is unconstitutional. He further avers that since he did not have the right to attack the voluntary character of the admitted confession before the jury, he was denied due process of law. The latter contention is unfounded and we need not discuss it more fully than to say that it is without merit because petitioner took the stand in his own defense and introduced the same evidence to attack the credibility of his confession that he used in the preliminary hearing to attack its voluntariness. (See record pp. 223–226). In addition, the jury was given the usual beyond a reasonable doubt instruction.

Respondent argues that the Illinois procedure which determined the voluntariness of petitioner's extra-judicial confession is not unreliable and therefore did not deny him Fourteenth Amendment due process. Petitioner's argument is predicated upon the fact that the state of Illinois does not require the trial judge to find voluntariness beyond a reasonable doubt. Petitioner's argument is interesting but incorrect,

for a sufficiency test cannot be applied to questions of admissibility.

■ Illinois traditionally has required the trial court to pass on evidentiary questions and, as a consequence, a confession can become competent evidence only when it is voluntary. People v. Miller, 13 Ill.2d 84, 91, 148 N.E.2d 455 (1958); People v. Thomlinson, 400 Ill. 555, 81 N.E.2d 434 (1948). Moreover, a confession becomes admissible only after its voluntariness has been determined by the trial judge at a hearing outside the presence of the jury. See, e. g., People v. Miller, supra, 13 Ill.2d at 95, 148 N.E.2d 455; People v. Fox, 319 Ill. 606, 150 N.E. 347 (1926); People v. Guido, 321 Ill. 397, 152 N.E. 149 (1926); People v. Lindsay, 412 Ill. 472, 107 N.E.2d 614 (1952); People v. Sloss, 412 Ill. 61, 104 N.E.2d 807 (1952); People v. Hall, 413 Ill. 615, 110 N.E.2d 249 (1933).

In Jackson v. Denno, 378 U.S. 368, 382–383, 386, 388, 392 and 395, 84 S.Ct. 1774, 12 L.Ed.2d 908, the Supreme Court recognized that the issue of voluntariness was evidentiary and its admissibility was for the court, stating, "* * * it is only a reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant and which would permit the jury to consider the confession in adjudicating guilt or innocence." (p. 387, 84 S.Ct. p. 1786) Since confessions are evidentiary, requiring that a reasonable doubt standard be applied by the court would be an exception to and a departure from the court's normal role in the process of admitting evidence.

Notwithstanding that it is an exception to the normal evidentiary standard of relevance, some courts have required a "beyond a reasonable doubt" standard to be applied in determining questions of voluntariness.[2] These jurisdictions in

2. Minority, e. g., Mullins v. United States, 382 F.2d 258 (4th Cir. 1967); reaffirming United States v. Inman, 352 F.2d 954 (4th Cir. 1965); Pea v. United States, 130 U.S.App.D.C. 66, 397 F.2d 627 (1968); Fernandez v. Beto, 281 F.

Supp. 207 (N.D.Tex.1968); State v. Ragsdale, 249 La. 420, 187 So.2d 427 (1966), cert. den. 385 U.S. 1029, 87 S. Ct. 758, 17 L.Ed.2d 676 (1967); State v. Keiser, 274 Minn. 265, 143 N.W.2d 75 (1966); Lee v. State, 236 Miss. 716,

insisting upon the higher standard confuse the admissibility of evidence with the sufficiency of proof. Such confusion is unfortunate for it effectively clouds the real issue, i.e., whether the particular piece of evidence meets the requisites of admissibility.

■■ The admissibility of any evidence should not and does not bear any relationship to the ultimate question of the sufficiency of the proof. Instead, the real concern should be whether the proffered evidence is relevant and probative. It is, of course, legend that a confession is relevant and material, but the voluntariness issue contains no special circumstances requiring specialized standards. What has troubled courts in the past is the difficulty of ascertaining the reliability of the jury's determination of voluntariness. To alleviate this uncertainty and possible taint, the independent hearing procedure was established. Thus, our focus must rest upon a consideration of the procedure used in determining whether or not a confession can be admitted.

Because the defendant can introduce during the trial the same evidence that he introduced at the hearing to challenge the confession's voluntariness, no prejudice can result; and even though a confession may be a key item in proving a defendant's guilt, that fact alone without more cannot elevate the standard of its admissibility to a constitutional level. Additional factors which might invoke the use of such a standard, such as prejudice, ineffective procedures or prosecutorial bias, do not exist. Voluntariness is the sole question. In the instant case, a preliminary hearing, outside the presence of the jury, was held and the trial court upon a presentation of the facts surrounding the confession, denied defendant's motion to suppress and admitted the confession. The judge's denial necessarily indicated that he found the confession to be voluntary. Our examination of the trial record indicates that the petitioner received a full and fair hearing and a determination of the confession's voluntariness absent any consideration of its veracity. In so doing, the trial court applied the constitutional requisites of Jackson v. Denno, *supra.*

Since we understand voluntariness to be synonomous with admissibility, no other standard is required than that which is normally used to determine the admissibility of evidence. We hold, therefore, that the trial judge is not required to utilize the "beyond a reasonable doubt" standard when he ascertains voluntariness. Petitioner's test can and should only apply to the total effect of the evidence, i.e., as to the guilt or innocence of the defendant. It is important, too, to understand that the constitutional guarantee of Jackson v. Denno is solely a procedural assurance that the admissibility of a confession will be determined in a full and fair proceeding outside the presence of the jury. This proceeding guarantees to the petitioner at least one forum where the voluntariness issue can be evaluated without any regard to its truth. Thus, Jackson does not purport in any way to change, alter or amend the relevancy test for admissible evidence.

Because the hearing procedure in no way alters the traditional test and because we find no compelling constitutional or practical reason to establish new standards for determining whether or not something may be introduced into evidence, we must deny petitioner's petition for a writ of habeas corpus. An appropriate order will enter.

112 So.2d 254 (1959); State v. Longmore, 178 Neb. 509, 134 N.W.2d 66 (1965); State v. Yough, 49 N.J. 587, 231 A.2d 598 (1967); People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965); State er rel. Goodchild v. Burke, 27 Wis.2d 244, 133 N.W. 2d 753 (1965), cert. den. 384 U.S. 1017 (1966); State v. Thundershield (S.D.) 160 N.W.2d 408 (1968); Commonwealth v. Mayhew, 297 Ky. 172, 178 S.W.2d 928 (1943); People v. Stroud, Cal.App., 78 Cal.Rptr. 270 (1969); State v. Davis, 438 P.2d 185 (Wash.1968).