SPECTOR, Judge.
Appellant seeks reversal of a judgment of conviction for manslaughter for which he was sentenced to a term of six months to twenty years which was entered after a jury trial. The information on which the trial was had charged appellant with murder in the second degree.
The homicide occurred during the course of an altercation outside a saloon in Jacksonville about two o’clock in the morning. Appellant and his girlfriend had earlier visited several watering places and before calling it a night, they drove back to Dell’s Monsoon Lounge. As they pulled into the parking lot, appellant observed his estranged wife in an embrace with the victim, one Frank Próctor.
Appellant said it was self-defense. But the jury obviously believed that the altercation which ensued after appellant’s arrival at the scene was precipitated by the latter’s aggressiveness. Appellant had a .22 caliber pistol under the front seat of his car. The defense was that when Frank Proctor and two companions came at the appellant, he defended himself by striking decedent in the head with the pistol which accidentally went off. However, the State’s evidence presented a different version, including testimony that as one of the witnesses approached the scene after Proctor had been shot, appellant told him to stop, saying “I shot one and I’ll shoot another”. It is manifest from the verdict that the jury rejected the appellant’s version and accepted the State’s.
The points raised by appellant as grounds for reversal relate primarily to the correctness of the trial court’s rulings on the admissibility of evidence as to the ease with which the trigger on the pistol could be pulled and whether the pistol had a hair trigger so as to be easily discharged when jarred. We have examined the evidence in this regard and have considered appellant’s argumentation in support of these issues and find them substantially without merit.
Appellant having failed to demonstrate reversible error, it is incumbent upon us to affirm the judgment appealed. Burton v. State, 128 So.2d 765 (Fla.App.1961).
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.