446 F.2d 18
 Richard Dale EDWARDS, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 30816 Summary Calendar.*
*(1) Rule 18, 5 Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 22, 1971.
 
 Richard Dale Edwards, pro se.
 Crawford C. Martin, Atty. Gen. of Texas, Howard M. Fender, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 DYER, Circuit Judge:
 
 
 1
 This is an appeal from the denial of habeas corpus relief to Edwards, a prisoner of the State of Texas. We affirm.
 
 
 2
 Edwards attacks the validity of his conviction for the murder with malice of his four-month-old son. The jury assessed Edwards' punishment at life imprisonment, to which he was sentenced on November 3, 1965. No direct appeal was taken, but Edwards exhausted other available state post-conviction remedies as required by 28 U.S.C.A. 2254.
 
 
 3
 Two main grounds for habeas relief were presented below and are urged upon this appeal. They are: (1) that trial court erred in holding that the Edwards confession was voluntary; and (2) that the record fails to indicate that the trial judge found Edwards' confession to be voluntary beyond a reasonable doubt, following the Jackson v. Denno[1] hearing at trial.
 
 
 4
 The state trial court expressly held that the confession was voluntary after having heard evidence on the issue out of the presence of the jury. Subsequently another judge of the same court, in his written reasons for denial of Edwards' state habeas petition, also held that the confession was voluntary, based on the trial record and transcript. The Texas Court of Criminal Appeals affirmed the ruling without written opinion.
 
 
 5
 The court below summarized the evidence on the issue of voluntariness in its unreported memorandum order, and concluded that the state courts did not err in holding that the confession was voluntary. This was based on credibility choices: testimony of the police officers against that of Edwards, who was a parolee at the time of the homicide.
 
 
 6
 Rule 52(a), F.R.Civ.P., provides in part that 'findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' In this case we find no clear error in the ruling of the District Court that Edwards' confession was voluntary. See Tyler v. Beto, 5 Cir. 1968, 391 F.2d 993, cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574; Smith v. Heard, 5 Cir. 1963, 315 F.2d 692, cert. denied 375 U.S. 883, 84 S.Ct. 154, 11 L.Ed.2d 113.
 
 
 7
 Edwards' second contention is that the state courts should be required to hold specifically that a confession is voluntary beyond a reasonable doubt to render it admissible in evidence. The court below seems to have been formerly of the opinion that this was required. See Fernandez v. Beto, N.D.Tex.1968, 281 F.Supp. 207. It has been suggested that this test is applicable to confessions in federal prosecutions; and the District of Columbia Circuit has so held. Pea v. United States, 1968, 130 U.S.App.D.C. 66, 397 F.2d 627; see United States v. Schipani, E.D.N.Y.1968, 289 F.Supp. 43. This Court has held that in federal prosecutions there must be a 'clear-cut determination of the voluntariness of the confession' by the trial court before admitting it in evidence. Fisher v. United States, 5 Cir. 1967, 382 F.2d 31, 34.
 
 
 8
 In affirming the denial of habeas corpus relief to another Texas state prisoner, this Court approved the state holding that the confession 'was freely and voluntarily given,' with no mention of proof beyond a reasonable doubt. Williams v. Beto, 5 Cir. 1967, 386 F.2d 16.
 
 
 9
 Some states have seen fit to impose the reasonable doubt burden on admissibility of confessions. See United States ex rel. Lego v. Pate, N.D.Ill.1970, 308 F.Supp. 38, f.n. 2. The Supreme Court has declined to do so, however. See Jackson v. Denno, 1964, 378 U.S. 368, 405, 84 S.Ct. 1774, 12 L.Ed.2d 908 (dissent); Sims v. Georgia, 1967, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593. In Sims, the Supreme Court required no more than that the trial judge's 'conclusion that the confession is voluntary must appear from the record with unmistakable clarity.' 385 U.S. at 544, 87 S.Ct. at 643. That standard was fully met in this case by the Texas state courts. See United States ex rel. Lego v. Pate, supra.
 
 
 10
 In his brief on appeal, Edwards urges an additional contention as follows:
 
 
 11
 The Federal District Court erred in holding that appellant was not constitutionally entitled to have the issue of voluntariness submitted to the jury with a specific charge.
 
 
 12
 This issue was not present in Edwards' federal habeas petition, although it was suggested in his court-appointed counsel's motion for evidentiary hearing filed below.
 
 
 13
 The District Court accepted the contention as appropriate for adjudication on its merits.[2] It held that no error was shown, since the issue would have been submitted to the jury, under Texas law, if Edwards had requested such an instruction.[3] The Texas Court of Criminal Appeals so held in Lopez v. State, Tex.Cr.App.1964, 384 S.W.2d 345. Thus Texas law at the time Edwards was tried gave an accused, if he so requested, more than is required by Jackson v. Denno or any other authoritative federal decision. See Sigler v. Parker, 1970, 396 U.S. 482, 90 S.Ct. 667, 24 L.Ed.2d 672; Caton v. United States, 8 Cir. 1969, 407 F.2d 367, cert. denied 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773; United States v. Anderson, 2 Cir. 1968, 394 F.2d 743.
 
 
 14
 We find no error in the judgment of the court below.
 
 
 15
 Affirmed.
 
 
 
 [1]
 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)
 
 
 [2]
 Lopez v. State, infra, indicates that Edwards has no available state remedy relative to this ground
 
 
 [3]
 Texas law now provides for such instruction of the jury whether requested by the defendant or not. Tex.C.Cr.P., Article 38.22(b)