(No. 42978.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GEORGE THOMPSON, Appellant.

*Opinion filed September 30, 1971.*

THEODORE DIAZ, of Alton, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and R.W. GRIFFITH, State's Attorney, of Alton, (THOMAS J. IMMEL, Assistant Attorney General, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

On June 5, 1968, the defendant, George Thompson, pleaded guilty in the circuit court of Madison County to a charge of involuntary manslaughter, and he was sentenced on July 23, 1968, to imprisonment for not less than two nor more than five years. On this direct appeal from an order denying his amended post-conviction petition, he contends the trial court "abused its discretion and *** failed to follow the plain dictates of the Statute" when it did not impanel a jury to determine the defendant's competency either before or after his guilty plea, and "when it permitted the People and Defendant's counsel to waive a sanity hearing previously requested by the People."

The defendant was indicted for involuntary manslaughter in that he shot and killed his wife, Betty, on February 25, 1968. At his arraignment he pleaded not guilty. Prior to that plea and in response to questions by the court concerning a post-February 25 "nervous difficulty" and resultant commitment, the defendant stated that he had recently been discharged from a State hospital after a one-month commitment. He also stated, however, that to the best of his knowledge he had never been adjudicated a psychotic. His responses to questions from

the court were clear, and his retained attorney also responded negatively to a question by the court as to whether there was any reason for not proceeding with the arraignment.

On June 5, 1968, the defendant's attorney informed the court that the defendant desired to withdraw his plea of not guilty and enter a guilty plea. After extensive questioning and admonition of the defendant by the court, his guilty plea was accepted. His attorney then made an application for probation and for "an investigation \*\*\* because of certain problems in connection with doctors and things \*\*\* " The application for probation was referred to a probation officer for investigation, and set for hearing on July 23.

On June 13, 1968, the State filed a petition which requested the court "to consider the competency of the accused pursuant to Section 104—2 \*\*\*" of the Code of Criminal Procedure (Ill.Rev.Stat. 1967, ch. 38, par. 104—2) and "to appoint qualified experts to examine the defendant with regard to his competency \*\*\*." An order entered June 14 appointed "Dr. John H. McMahan and Dr. Anthony K. Busch \*\*\* to examine the defendant, George Thompson, with regard to his competency and to testify at a hearing in relation thereto." The defendant was examined on June 28, and the results of that examination are contained in two letters, both dated July 20, 1968, from the two examining physicians to the State's Attorney. Dr. Busch stated in his letter that the examination "revealed no evidence of a psychosis." He described the defendant as "intellectually limited " but possessed of "sufficient mental capacity to understand a court procedure," and characterized his then existing mental disorder as a "psychoneurotic illness consisting of anxiety and depression that seems to have developed as a result of head injuries."

Dr. McMahan's letter detailed a lengthy professional

relationship with the defendant dating-back to January of 1961. Since that date he had recurrently treated the defendant for acute nervousness, headaches and backaches apparently stemming from a severe back injury, and his letter summarized the defendant's lengthy medical history. He described the defendant as "somewhat depressed and quite upset about his wife's death," but he also noted that the defendant's memory was "intact" and that he was "oriented in all spheres" and without "any evidence of any psychotic process." He concluded that in his opinion "this man is sane and has sufficient mental capacity to understand the nature of the charges against him and to aid and participate in his own defense."

On the basis of the opinions of the examining doctors and a stipulation that the doctors, if called as witnesses, would testify as stated in their written opinions, the State moved to withdraw its petition. After the defendant's attorney stated, in response to inquiries by the court, that he did not desire a hearing before a jury, did not desire to offer evidence, and did not oppose the motion of the State, that motion was allowed.

In these proceedings we see no violation of any constitutional right of the defendant, nor do we see a failure to comply with article 104 of the Code of Criminal Procedure which is designed to ensure that a defendant is able to understand the nature and purpose of the charge against him and to assist in his own defense. (Ill.Rev.Stat. 1969, ch. 38, pars. 104—1 through 104—3.) While there are references to a "nervous difficulty" on the part of the defendant and to his recent commitment, there is nothing in the record of the proceedings prior to June 5, when he entered his plea of guilty, that would raise a *bona fide* doubt as to his ability to understand the charge against him or to co-operate with his attorney. On the contrary, the record shows rational, coherent answers by the defendant to questions from the court, and it contains no

indication from defense counsel that the defendant was unable to understand the charge or to co-operate in his defense. And so far as the period thereafter is concerned, the experts appointed to examine the defendant reported no doubt as to his competence. The defendant waived his right to a jury trial on that issue, and stipulated to the testimony of the examining physicians.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*