THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY J. WILSON, Defendant-Appellant.

(Nos. 12496-97 cons.; ▮▮▮▮▮▮▮▮)

Fourth District—May 1, 1975.

John F. McNichols and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from orders denying, without evidentiary hearing, his petitions in post-conviction following judgments of conviction entered

upon his respective pleas of guilty to attempted robbery and to forgery. The causes were consolidated upon appeal.

■■ The State's attorney has failed to meet his obligation to file a brief or present the issues upon the appeal. Upon such circumstances the court in its discretion may reverse the judgments without examination of the merits. (*People v. Dossett*, 7 Ill.App.3d 696, 288 N.E.2d 518.) It appearing, however, that the ends of justice will be better served by a review upon the merits, we elect to do so. *People v. Sanders*, 75 Ill.App.2d 422, 220 N.E.2d 487.

Defendant argues that his pleas of guilty were accepted at a time when pending pleadings "[r]aised a bona fide doubt of his then present fitness to be tried or convicted."

■■ The trial court found "[t]hat the petition does not allege any violations of constitutional rights that are not completely negated by the Report of Proceedings herein." The report of proceedings upon the taking of the pleas is not made a part of the supplemental record filed. Such finding by the trial court is not referred to in defendant's argument and we conclude that the accuracy of the finding is not challenged.

Upon consideration of the petition and matters shown by the record, the court may dismiss the post-conviction petition without hearing. *People v. Spicer*, 47 Ill.2d 114, 264 N.E.2d 181. Ill. Rev. Stat. 1971, ch. 38, par. 122—6.

Defendant appeared upon each charge in the original proceedings with retained counsel. On June 29, 1972, he entered a plea of not guilty and trials were set for September 5, 1972. On August 25, 1972, the initial plea was withdrawn and defendant pleaded guilty upon apparent negotiations wherein the indictment for attempted armed robbery was reduced to attempted robbery and sentences for forgery and attempted robbery were to be made concurrent. Hearing in aggravation and mitigation was waived.

It appears that on July 21, 1972, between the dates of the initial pleas and the plea finally entered, defendant filed a "motion for examination of defendant who is in custody." Without verification "It is asserted" by motion that defendant has "experienced a nervous condition"; that although never examined by a doctor he had obtained prescriptions for the condition and concluded that "a medical doctor *may be able to give* defendant's attorneys information as to the effect such nervous condition would have on defendant's conduct and defenses."

The "motion" does not undertake to allege that defendant was not competent to proceed within the context of the statute.[1] The record does

---

[1] Ill. Rev. Stat. 1971, ch. 38, par. 104—1.

"For the purpose of this Article, 'incompetent' means a person charged with an offense who is unable because of a mental condition:

not indicate that defendant's counsel ever questioned defendant's competency for purposes of proceeding. The motion did not ask for a psychiatric examination, nor from the record presented here was there ever any other form of such request. At most, the motion appears to be an apparent effort for a form of medical discovery.

■■ An allegation of "nervous difficulties" does not raise a bona fide doubt as to competency. *People v. Thompson*, 49 Ill.2d 220, 274 N.E.2d 15.

The petitions presented to the trial court upon post-conviction presented no facts which raised any showing, substantial or otherwise, of a question of competency. The petition merely asserted that the motion had been filed and the conclusion that there was a substantial doubt of defendant's competence. Such is not sufficient to require an evidentiary hearing. *People v. Olson*, 46 Ill.2d 167, 263 N.E.2d 92.

■■ Absent a strong indication of incompetency, it is not error to fail to hold an unrequested competency examination. (*People v. Franklin*, 48 Ill.2d 254, 269 N.E.2d 479.) An abandoned request for a competency hearing does not raise a bona fide doubt which requires that the court hold a hearing as to fitness to proceed. (*People v. Cleggett*, 22 Ill.2d 471, 177 N.E.2d 187, *cert. denied*, 369 U.S. 840, 7 L.Ed.2d 844, 82 S.Ct. 871; *People v. Bracy*, 38 Ill.2d 358, 231 N.E.2d 455.) An argument is made that the motion alleged "[a] nervous condition which *could* have affected his 'conduct and defenses'." Such plainly does not meet the standards necessary to an evidentiary hearing.

Defendant argues that *Pate v. Robinson*, 383 U.S. 375, 15 L.Ed.2d 815, 86 S.Ct. 836, so controls the issue as to require reversal and remandment. Such contention grossly ignores the disparate facts between *Robinson* and this case. In *Robinson*, the defense presented was that of insanity and defendant introduced testimony as to his psychiatric commitment, aberent conduct over a long period and lay opinion of insanity. That opinion equates the evidence concerning his present insanity with the question of mental incompetence to stand trial. 383 U.S. 375, 384-85, 15 L.Ed.2d 815, 821-22, footnote 6.) This record fails to present any viable evidence of a want of competence to stand trial or to plead.

The judgment of the trial court is affirmed.

Affirmed.

SIMKINS, P. J., and GREEN, J., concur.

---

(a) To understand the nature and purpose of the proceedings against him; or
(b) To assist in his defense; * * *"