(No. 35301.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STEPHEN SINKO, Plaintiff in Error.

*Opinion filed Oct. 31, 1960.—Rehearing denied Jan. 18, 1961.*

Solfisburg, J., took no part.

Gordon F. DeHart, of Aurora, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and John C. Friedland, State's Attorney, of Elgin, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Stephen Sinko was indicted August 1, 1958, by the grand jury of Kane County, for larceny of a motor vehicle. He was arraigned in the circuit court of Kane County, wherein he pleaded not guilty and moved for a change of venue. Venue was thereafter changed to the circuit court of DeKalb County, where the defendant appeared *pro se* and defended himself before a jury. He was found guilty and his motions for new trial and in arrest of judgment were overruled. After a hearing of evidence in mitigation and aggravation, defendant was sentenced to the penitentiary for a term of not less than three nor more than seven years. The defendant now prosecutes his writ of error in this court charging that the court failed to fully advise him of his right to counsel and that the court erred in failing to appoint counsel to represent him in the trial before the jury.

It is provided by our Rule 26(2) (Ill. Rev. Stat., 1959, chap. 110, par. 101.26(2)) that "In all criminal cases wherein the accused upon conviction shall, or may, be punished by imprisonment in the penitentiary, if, at the time of

his arraignment he is not represented by counsel, the court shall before receiving, entering or allowing the change of any plea to an indictment or to an information if indictment has been waived, advise him he has a right to be defended by counsel. If he desires counsel, and states under oath he is unable to employ counsel, the court shall appoint competent counsel to represent him."

A review of the record shows that at least four times prior to trial and on the day the trial began, the defendant was made aware of his right to counsel. On the day of his arraignment the court inquired whether defendant had a lawyer or funds to employ one. The defendant said he had no lawyer and no funds, and asked permission to represent himself. The court then carefully explained that he would like to appoint counsel, and defendant accepted the public defender in a purely advisory capacity.

Subsequent to a change of venue from Kane to DeKalb County circuit court, the defendant was there again arraigned, whereupon the court admonished him of his right to counsel or to have the public defender assigned to appear for him. The defendant again insisted that he wished to represent himself, whereupon the court took his plea of not guilty and again advised him of his right to be represented.

At the time the trial began on November 3, 1958, the defendant was again advised of his right to counsel, which he refused. In his motion for new trial, defendant affirmed that he refused the right to counsel.

The record thus positively affirms that this defendant was fully admonished and advised of his right to be represented by counsel and that he knowingly refused. He clearly understood his right thereto and refused. He obviously preferred to represent himself. It is not alleged, nor does it appear, that defendant was mentally incompetent to conduct his defense and make his choice.

The right of a defendant to represent himself, when his choice is intelligently made, is as basic and fundamental

as his right to be represented by counsel. The defendant here made no request for counsel, but in fact refused counsel and persisted in his request that he be permitted to conduct his own defense.

Section 4 of the act relating to public defenders provided that the court "may, with the consent of the defendant, appoint counsel, other than the public defender, and shall so appoint if the defendant shall so demand." (Ill. Rev. Stat. 1957, chap. 34, par. 163f.) This section relates to the duties of a public defender, and gives the court discretion to appoint counsel for an accused other than the public defender. No duty rests with the court to appoint counsel other than the public defender unless the defendant so demands. No such demand is found in this record. Defendant's only demand was that no counsel be appointed to represent him, and that he be permitted to conduct his own defense. No error could possibly have resulted, in this case, from the court's offer to appoint the public defender to represent the defendant.

Defendant received the advice and admonishment, in respect to his right to be representd by counsel, that the law requires. He understandingly waived his right to counsel. The trial court did not err in proceding to trial wherein defendant appeared *pro se,* at his own demand. Defendant cannot now be heard to complain of any failure of the court to provide counsel to conduct his defense. His rights were not violated, and the court's duties to him were fully performed.

The judgment of the circuit court of DeKalb County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SOLFISBURG took no part in the consideration or decision of this case.