(No. 40810.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN W. BROWN, Appellant.

*Opinion filed January 29, 1969.*

504

Ward, J., took no part.

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty, Assistant Public Defender, of counsel,) for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, John W. Brown, entered pleas of guilty in the circuit court of Cook County to three indictments charging him with the crimes of murder, burglary and armed robbery, and was sentenced to the penitentiary for a term of 15 to 30 years on the murder charge and concurrent terms of 1 to 30 years on the other indictments. His petition under the Post-Conviction Hearing Act was denied without an evidentiary hearing and he has appealed to this court from the post-conviction judgment.

The *pro se* petition alleged that defendant was not advised of his right to counsel and his right to remain silent and that his request to call an attorney was refused. It was alleged that as a result of persistent questioning defendant made damaging admissions which were used against him at his trial. The petition further alleged that the defendant was never confronted with the witnesses against him in the

form of a line-up, nor was he identified by any witness at his trial. The defendant's final allegation was that he changed his pleas to guilty on the advice of his appointed attorneys, who told him that if he insisted on a jury trial the court would give him as much time, or more, than his co-defendants, and that there was the possibility that he would receive the death penalty. The State's motion to dismiss incorporated a transcript of the proceedings at the time of defendant's pleas of guilty, from which it appeared that the court fully advised the defendant of his right to trial by jury and admonished him as to the consequences of his pleas. The motion also incorporated the copy of the petition of defendant's appointed attorneys for fees, in which the attorneys alleged that they had spent in excess of 25 hours in investigation, court appearances and extensive conferences with the defendant, the State's Attorney's office and the trial judge.

In order to require a hearing a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated and allegations of conclusions to that effect will not suffice. (*People* v. *Ashley,* 34 Ill.2d 402.) It is also settled that a constitutional right, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional. (*People* v. *Dennis,* 34 Ill.2d 219; *People* v. *Smith,* 23 Ill.2d 512.) Even if it could be said that the allegation with respect to the damaging admissions made by the defendant presented a constitutional question, the claim was waived by the voluntary pleas of guilty. The allegation that defendant was not identified in a line-up or at the trial presented no constitutional question requiring a hearing. The charge that defendant pleaded guilty upon the advice of his attorneys, who had told him that he might receive a severe penalty, was insufficient to require an evidentiary hearing. It may well be that the defendant was afraid of receiving a severe sentence, but, as we pointed out

in *People* v. *Bowman*, 40 Ill.2d 116, this fear resulted from no improper conduct by the authorities, but was the result of the course of conduct which the defendant himself had pursued. The penalty of death was a possibility under the murder indictment, and a lengthy sentence to the penitentiary was a possibility under all three indictments. The fact that defendant's attorneys advised him of these possibilities does not support a conclusion that his pleas of guilty were improperly induced.

In our opinion the allegations of the petition were insufficient to require a hearing and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.