(No. 41396.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
THEODORE SLICKER, Appellant.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

WARD, J., took no part.

ARTHUR G. LEISTEN and RICHARD A. MICHAEL, both of Chicago, appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Theodore Slicker, appeals from a judgment of the circuit court of Cook County which granted the State's motion to dismiss his post-conviction petition. As described in his brief, the defendant's petition "alleged that both he and his co-defendant William Schmidt pleaded guilty to the same charge and Schmidt was sentenced from two to six years while petitioner was sentenced for from four to eight; that a different standard was used to determine the two sentences; that in the armed robbery Schmidt displayed a revolver while petitioner did not display one; that Schmidt's prior felony record exceeded that of petitioner; and that neither the transcript, the probation report, nor any of the circumstances surrounding the robbery justified a more severe sentence for petitioner than for Schmidt."

The defendant apparently argues that his right to an evidentiary post-conviction hearing depends solely upon whether his allegations, if true, raise a substantial constitutional question. This argument, however, misconceives this court's prior decisions and ignores the ground upon which his petition was dismissed. Upon a motion to dismiss a post-conviction petition, the trial court may properly render its decision on the basis of "what is contained in the pleading to which the motion is directed, read * * * in conjunction with the transcript of proceedings at the trial." *People* v. *Hamby,* 39 Ill.2d 290, 294.

At the hearing on the motion to dismiss the post-conviction petition, the trial judge reviewed the evidence concerning the previous convictions of the two defendants which was before him when the sentences were imposed. That evidence showed that the defendant Slicker had previously been sentenced, on his plea of guilty, to one to ten years on each of three counts of armed robbery, and that on subsequent pleas of guilty he had been sentenced to two terms of from four to ten years each for burglary and participating in a confidence game. His co-defendant had been placed upon probation for participation in a confidence game, and

was then sentenced to one year to a year and a day for violation of that probation. He was later sentenced to one to four years for burglary. The trial judge stated, "I don't consider his record to be as bad as the record of Slicker." We agree with that appraisal.

The defendant's assertion that "Schmidt displayed a revolver while petitioner did not display one," does not accurately reflect the testimony which was stipulated when the defendant's plea of guilty was accepted. That testimony was that the "defendant Slicker had his hand in his pocket in a manner indicating that he may or may not have had a weapon in that pocket." No weapon was seen. This stipulated testimony does not suggest a difference in the degree of participation of the two defendants in the crime to which both pleaded guilty.

The defendant's post-conviction petition was properly dismissed, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.