(No. 41386.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DAVID STEPHENSON, Appellant.

*Opinion filed March 27, 1969.*

WARD, J., took no part.

CHARLES R. STALEY, of Chicago, appointed by the court, for appellant.

186

WILLIAM G. CLARK, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL STEVENSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In 1966 the defendant, David Stephenson, pleaded guilty in the circuit court of Cook County to an indictment charging him with the crime of burglary and was sentenced to the penitentiary for a term of not less than 1 nor more than 10 years. His petition under the Post-Conviction Hearing Act was denied after a hearing and defendant has appealed from the post-conviction judgment.

The post-conviction petition alleged that the arresting officers searched his home without a warrant and that he was questioned by police officers in the absence of counsel. Defendant also charged that the court only gave him a few minutes to talk to his appointed counsel; that the attorney promised defendant that if he pleaded guilty he would be kept in the county jail until the outcome of his father's illness; and that counsel refused to subpoena witnesses and refused to request a continuance. The petition also alleged that the State's Attorney threatened defendant with a sentence of not less than 30 years if he did not plead guilty.

The defendant was the only witness at the post-conviction hearing. He did not testify as to the alleged search and questioning by police officers and his testimony concerned only the events surrounding his plea of guilty. He testified that when he was brought into court at the time of his plea of guilty his attorney told him that the trial judge was hard toward ex-convicts and that he could not get a change of venue. His attorney told him that if he demanded a jury trial he would be given anything from 10 to 30 years, but that if he did not take a jury trial it was possible that he

would get off with a lighter sentence which would bring the minimum down and make him eligible for parole in about a couple of months. The defendant testified that he was concerned about the health of his father and that his attorney told him that if he would plead guilty and get the case over he would see to it that defendant would be held in the county jail until the outcome of his father's illness. The defendant testified that when he entered the courtroom his witness was not present and his attorney refused to request a continuance. On cross-examination it was brought out that the defendant had a record of three prior felony convictions, all on pleas of guilty. It was also brought out that the defendant talked to his attorney concerning a plea of guilty on at least one occasion several weeks before his conviction. He admitted that he knew that if he was found guilty he could get as much as 30 years imprisonment because of his prior record, and he admitted that he never had any conversation with the prosecutor concerning a possible sentence and that his conversations were with his appointed counsel. He testified that his attorney told him that if he would plead guilty the State would recommend a sentence of 3 to 10 years and that it could be reduced by the judge to a sentence of 1 to 10 years.

We think it is evident that petitioner failed to establish that his plea of guilty was induced by improper means. He had previously been convicted of 3 felonies and was no stranger to criminal proceedings. He knew that because of his prior record he could receive a severe sentence and he knew that the State would recommend the relatively light sentence of 3 to 10 years with the possibility of the lighter sentence which was actually imposed. It is probably true that the defendant feared that he would receive a severe sentence but this fear was the result of his past record of crime and was not the result of any improper conduct by the prosecution. (*Cf. People* v. *Bowman,* 40 Ill.2d 116; *People* v. *Brown,* 41 Ill.2d 503.) The transcript of the

testimony at the time of the defendant's plea shows that the defendant was fully admonished as to the consequences of his plea and that he persisted therein. The ruling of the trial court in denying the post-conviction petition was correct and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.