(No. 41471.—■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CARL RAYMOND MORRIS, Appellant.

*Opinion filed September 26, 1969.*

Dennis R. Fox, of Moline, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and James N. DeWulf, State's Attorney, of Rock Island,

(JOHN DONALD O'SHEA, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Carl Raymond Morris, on September 13, 1967, appeared *pro se* in the circuit court of Rock Island County and pleaded guilty to two charges of armed robbery, a charge of attempted robbery and a charge that he violated his bail bond, *i.e.,* "jumped" bond. The appellant was sentenced to a term of not less than one year on the violation of bail bond charge and to terms of 2 to 14 years on the other charges. It was ordered that all sentences were to run concurrently. The appellant on December 4, 1967, filed a petition *pro se* under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*) and an amended petition on December 26, 1967. On January 3, 1968, the Public Defender was appointed to represent the appellant.

In the petition it was claimed that there had been a denial of the right to assistance of counsel; that the sentences imposed were excessive and unreasonably disproportionate to the penalties imposed on his accomplices and thus deprived the appellant of due process; that the pleas of guilty were coerced, because the appellant had been led to believe that he would receive probation on pleading guilty; and that the appellant did not understand the nature of the proceedings or the consequences of his pleas.

After a hearing the circuit court on March 12, 1968, granted a motion to dismiss made by the State and denied the petition for post-conviction relief. The appellant, represented by counsel, has appealed to this court.

The record discloses that on March 30, 1967, the appellant was indicted in the circuit court of Rock Island on two charges of armed robbery. He was later arraigned and admitted to bail. On May 2, 1967, the grand jury returned a third indictment which charged a criminal attempt to com-

mit the offense of armed robbery. The appellant's retained counsel was allowed to withdraw on May 3, 1967. The two robbery indictments were set for trial on May 8, 1967, but the appellant failed to appear. On July 24, 1967, the State's motion to forfeit the bail bond was allowed. On September 12, 1967, the appellant was taken into custody and appeared in court that day without counsel. He informed the court that he wished to plead guilty but as the grand jury was apparently in session that day considering violation of bail bond charges against the appellant, the proceedings were continued. Later that day an indictment was returned by the grand jury charging that he had "jumped" bond. The following day he again appeared in court and restated his wish to plead guilty. The court advised him separately of his pertinent rights on the four indictments pending against him and the appellant pleaded guilty to each of the indictments. After a hearing on the appellant's petition for probation, at which the only evidence offered was a probation officer's report, probation was denied and the sentences were imposed.

It is contended that the circuit court improperly denied the petition for post-conviction relief. Substantially the same claims of constitutional violation asserted in the circuit court petitions are offered here and it is argued that an evidentiary hearing should have been held to resolve questions raised.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—2) requires that a petition be accompanied by affidavits, records or other evidence in support of its allegations or by a statement of the reasons for their absence. Unsupported conclusionary statements in a petition are not sufficient to require a post-conviction hearing under the Act. (*People* v. *Arbuckle,* 42 Ill.2d 177; *People* v. *Collins,* 39 Ill.2d 286; *People* v. *Ashley,* 34 Ill.2d 402.) The appellant's petition for relief was not supported by affidavits or other evidence nor were any reasons given to explain their absence. The statements in the petition are inadequately broad and conclusionary.

Moreover, the denial of an evidentiary hearing and the granting of the State's motion to dismiss were proper since the circuit court, upon a motion to dismiss a post-conviction petition, may render its decision on the basis of what is contained in the pleading to which the motion is directed, considered with the transcript of the trial or other proceedings. (*People* v. *Slicker,* 42 Ill.2d 307.) The transcript of the proceedings leading to the sentencing of the appellant does not support, as will be shown, his contentions of constitutional infringement.

The contention that the appellant was denied the assistance of counsel does not persuade.

One accused of a felony, of course, has a constitutional right to the assistance of counsel (*Gideon* v. *Wainwright,* 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792), but the right can be waived. (*People* v. *Bush,* 32 Ill.2d 484; *People* v. *Robinson,* 27 Ill.2d 289.) This right to stand alone, when intelligently chosen, is as fundamental as the right to be represented by counsel. (*People* v. *Bowman,* 40 Ill.2d 116, 123; *People* v. *Bush,* 32 Ill.2d 484, 487; *People* v. *Sinko,* 21 Ill.2d 23, 25-6.) It has been held to be reversible error to refuse a timely request by an accused to represent himself. (See *People* v. *Bowman,* 40 Ill.2d 116, 123, and cases there cited.) Too, it is not necessary to have a lawyer present for one knowingly and intelligently to waive the right to counsel. *People* v. *Bowman,* 40 Ill.2d 116, 122; *Adams* v. *United States ex rel. McCann,* 317 U.S. 269, 275, 279, 87 L. Ed. 268, 63 S. Ct. 236.

The record shows that the appellant was fully advised of his right to counsel by the trial court as to each of the indictments. There is nothing to suggest that this 26-year-old accused did not understand the explanation of his rights and did not intelligently waive counsel.

We have not been dissuaded from this conclusion by the assertion that appellant was intoxicated at the time of the

alleged crime of attempt and was thus incapable of forming the specific intent required for the offense. Under the claimed circumstances, it is argued, the appellant would not have declined the services of one who could have assisted him. First, it is to be noted that the argument is limited by the appellant to one of the indictments to which he pleaded guilty. It does not reach the other indictments. Secondly, the evidence of waiver is completely persuading and an understanding waiver of the assistance of counsel will not be undone because an attorney might have suggested a defense to the accused. We said in *People* v. *Bowman,* 40 Ill.2d 116, 126, "One who understandingly pleads guilty without the assistance of an attorney foregoes the chance that he might have benefited from such aid." (See also *State* v. *Burnett,* 30 Wis.2d 375, 141 N.W.2d 221, 225.) The appellant had stated to the court that he had been drunk when the robberies were committed but his detailed recollection of the events of the night of the offenses contradicted this assertion. We find no constitutional infringement in the appellant's waivers of counsel and pleas of guilty.

The appellant next contends that his pleas of guilty were obtained through improper influence in that he was misled into believing that he would be granted probation if he pleaded guilty. He cites *People* v. *Washington,* 38 Ill.2d 446, and *People* v. *Sigafus,* 39 Ill.2d 68, in support of the contention, which is not questioned by the State, that a guilty plea which is the product of improper influence must be vacated.

However, the appellant's own statements to the court at the time of pleading reject his contention of inducing promises and his petition claims no promise made which would have been beyond the record. The record shows the following pertinent colloquies relative to the indictments to which pleas of guilty were entered

"Defendant: I wish to change that plea to guilty.

Court: Leave is granted to the Defendant to withdraw his plea. What is the plea you wish to enter at this time Mr. Morris?

Defendant: Guilty.

Mr. Rimmerman (Assistant State's Attorney) : You are pleading guilty to the charges because you did them, and for no other reason?

Defendant: No other reason.

\* \* \* \* \*

Court: Again I will ask you if your plea is not the result of any agreement or discussion with an officer of this Court or any policeman or any promise made to you?

Defendant: No.

Court: No promises?

Defendant: No.

\* \* \* \* \*

Court: Mr. Morris, I want to ask you before I consider accepting your plea whether you have been made any promise in connection with the penalty:

Mr. Morris: No.

Court: By anyone?

Mr. Morris: No.

Court: You understand the Court is not obligated to impose a sentence that is in accordance with any agreement you have?

Mr. Morris: Yes.

\* \* \* \* \*

Court: Again before I can accept this plea I must make sure you understand your rights. You do understand your right to counsel?

Defendant: Yes.

Court: The Court will appoint one for you.

Defendant: Yes.

Court: You do have a right to have your case tried

before this Court with a jury or before the Court without a jury.

Defendant: Yes.

Court: You can be sentenced just as though you had a trial and were convicted on your plea.

Defendant: Yes.

Court: Mr. Morris, the penalty that will be imposed may be a sentence up to five years in the state penitentiary.

Defendant: Yes.

Court: Do you have any questions about what I told you?

Defendant: No.

Court: Any questions at all?

Defendant: No."

There is no force to the claim that the pleas of guilty were improperly obtained. See *People* v. *Arbuckle,* 42 Ill.2d 177; *People* v. *Nelson,* 42 Ill.2d 172; *People* v. *Stephenson,* 42 Ill.2d 185; *People* v. *Bowman,* 40 Ill.2d 116.

Finally, it is urged that there is no showing that the appellant expressly and understandingly waived his right to a hearing in mitigation and that there is nothing in the record to justify his receiving a greater sentence than his accomplices.

Concerning the latter contention, it is clear from the probation reports, which are included in the record, that the appellant was the dominant member of the criminal group involved and played the more active role in the commission of the crimes. He actually committed the robberies; the codefendants waited in their auto. We deem that the record justifies the imposition of a greater sentence upon the appellant. See *People* v. *Slicker,* 42 Ill.2d 307.

Neither is there merit in the assertion that the appellant did not expressly and understandingly waive his right to a hearing in mitigation. The record is clear that though the

court advised him several times of a right to a hearing in mitigation, to present witnesses in his behalf and a right to be represented by counsel during the hearing, the appellant expressly waived his right to a hearing and to offer evidence.

The appellant having plainly waived his right to a hearing in mitigation cannot now be heard to complain that he did not receive a hearing. See *People* v. *Muniz,* 31 Ill.2d 130, 138.

We find no error in the dismissal of the appellant's petition for relief under the Post-Conviction Hearing Act by the circuit court of Rock Island County.

Accordingly, we affirm the judgment of the circuit court.

*Judgment affirmed.*