(No. 42590.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JUNIOR L. OLSON, JR., Appellant.

*Opinion filed September 22, 1970.*

WARD, J., took no part.

JOHN J. CONNORS, of Arlington Heights, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES VELDMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On March 16, 1964, while represented by the public defender, Junior L. Olson entered pleas of guilty in the Cook County Circuit Court to charges of rape, robbery and deviate sexual assault and was sentenced to concurrent terms of imprisonment. Some three years later he filed a *pro se* post-conviction petition containing, *inter alia,* allegations of incompetency on the part of his original counsel. The public defender was again appointed to represent him, and the petition subsequently dismissed by the court on the State's motion without an evidentiary hearing. An appeal (Docket No. 41212) of that dismissal resulted in a stipulated reversal and remandment by this court without formal opinion but with directions to appoint nonpublic defender counsel for petitioner.

Appropriate counsel was thereafter appointed by the trial court and time provided for communication with petitioner. That counsel elected to stand upon the original pe-

tition, and the State filed an additional motion to dismiss. Following a hearing thereon, the petition was again dismissed, and this appeal resulted. The controlling issue is whether the allegations of the petition as to constitutional violations are sufficient to require an evidentiary hearing. We agree that they are not.

Those allegations, summarily stated, are that petitioner's January 26, 1964, arrest without a warrant or probable cause, and subsequent 30-hour detention without a court appearance, constituted a denial of equal protection and due process; that he was not informed of his right to counsel and to remain silent; that he was "singled out" for identification by complainant and "denied witnesses favorable to the defendant"; that he "was needing treatment while in police detention which was denied to him"; that he was denied a sanity hearing; that he was denied a reasonable opportunity to prepare a defense because he did not see an attorney until 12 days after his arrest; that he would not have pleaded guilty "if he had not been proceeded against by violence and by force and threat of force"; that "illegally seized" evidence was not objected to by his attorney who "was so shaddy [sic] that he was tantamount to no attorney at all"; that he did not authorize his counsel to withdraw his pleas of not guilty and desired a jury trial; and that there is no evidence connecting him with the crime of deviate sexual assault.

The petition is verified but otherwise its contents are unsupported by affidavits, exhibits or other corroborative material as contemplated by the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, pars. 122—1 et seq.), nor is there stated any reason which excuses the failure to attach them. We have repeatedly emphasized that post-conviction petitions "must make a substantial showing of a violation of constitutional rights, and allegations which merely amount to conclusions are not sufficient to require a post-conviction hearing" (People v. Gendron, 41 Ill.2d 518,

519), and " 'the allegation of a mere conclusion to that effect [of constitutional violation] under oath will not suffice.' (*People* v. *Reeves,* 412 Ill. 555.)" (*People* v. *Evans,* 37 Ill.2d 27, 30.) "Unsupported conclusionary statements in a petition * * *" are insufficient to require an evidentiary hearing. (*People* v. *Morris,* 43 Ill.2d 124, 127; *People* v. *Ashley,* 34 Ill.2d 402, 411.) Under the holdings of the above-cited cases and many others, the allegations of the petition now before us are entirely conclusory and clearly insufficient to warrant an evidentiary hearing. Not only are the allegations deficient in their factual content, but any of the implications which might be thought to flow from the conclusions alleged are effectively rebutted by the record before us. Included therein is an affidavit by the attorney representing defendant at the time of his pleas. That affidavit is in part as follows:

"3. That the affiant herein had told the Defendant that at any time he felt he was not satisfied with my representation, I would accommodate him and withdraw as his attorney; in appointed cases it was my practice to do so; he never questioned my representation.

4. I have had many bench and jury trials in the Criminal branch and if I thought that Mr. Olsen wished one, even though against my counsel and advice, I would have complied with my client's wishes; but to the contrary, he demanded a negotiated plea.

5. I was well aware of the facts in this case as I had, in fact, conferred on many occasions with the Defendant after my appointment. I also conferred with his wife and the police officers.

6. At no time was the issue of police brutality or denial to obtain counsel raised by the Defendant or told to me by the Defendant; IT SHOULD BE NOTED THAT MOTIONS WERE TIMELY MADE BY COUNSEL FOR DEFENDANT FOR ANY WRITTEN STATEMENTS MADE BY THE DEFENDANT

OR A LIST OF PERSONS PRESENT AT THE TIME OF ANY
ORAL STATEMENTS.

7. That based upon the facts of this case, the Defendant demanded a negotiated plea.

The Defendant agreed to accept the negotiated plea. Had he chosen otherwise, I would have tried the case as I have done many times for indigent prisoners."

In addition, the transcript of the change-of-plea proceedings clearly demonstrates that petitioner was separately admonished as to each of the three charges, the trial judge explaining that the plea of guilty constituted an automatic waiver of a jury trial and the petitioner responding affirmatively when asked whether he understood this. Those proceedings also included a statement by petitioner's counsel that it was his understanding that petitioner was entirely satisfied with the representation afforded him; when asked if this was correct, petitioner responded affirmatively.

Further, "a voluntary plea of guilty waives errors or irregularities that are not jurisdictional" (*People* v. *Dennis,* 34 Ill.2d 219, 221), and petitioner's bare conclusory assertions that he was "coerced" are singularly unpersuasive in view of the above affidavit and petitioner's positive statements at the time of entry of the pleas that he understood the admonitions of the court and wanted to change his pleas from "not guilty" to "guilty".

Nor does the allegation that he was denied a sanity hearing require remandment. Petitioner apparently predicates this assertion solely upon the fact that a report of a Behavior Clinic examination made several days prior to the change-of-plea proceedings was opened by the judge at the commencement of those proceedings. That report concluded: "DIAGNOSIS: Sociopathic Personality Disturbance. He knows the nature of the charge and is able to cooperate with his counsel." There is nothing in the presentence conduct of defendant to suggest incompetency, no request for

a sanity hearing was made, and, as we said in *People* v. *Korycki,* 45 Ill.2d 87 at 90: "The mere reference of a defendant's case to the Behavior Clinic cannot, in itself, be considered reason for granting an unrequested hearing." (See, also, *People* v. *Bracy,* 38 Ill.2d 358, 360.) In the absence of some substantial indication of a question with respect to defendant's sanity, the petition was properly dismissed. *Korycki; People* v. *Pridgen,* 37 Ill.2d 295, 298.

For the reasons above given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.