THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JIMMIE W. STRINGFELLOW, Defendant-Appellant.

(No. 56560;

First District—May 5, 1972.

Thomas Ryan Rees, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Stephen R. Kramer, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

This appeal arises from the denial of petitioner's request for post-conviction relief under Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.* He appeals contending that his plea of guilty to a murder charge was not voluntary as it was made only after the trial judge erroneously denied defense motions to suppress identification testimony and physical evidence and to provide, for use at trial, a transcript of the hearings held on those motions.

On August 22, 1968, defendant through his court appointed attorney, withdrew his previously entered plea of not guilty and entered a guilty plea. This colloquy followed:

"THE COURT: Jimmie Stringfellow, you know what a jury trial is?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you realize that when you withdraw your plea of not guilty and enter a plea of guilty, you automatically waive your right of trial by jury?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And this is what you want to do and want it submitted to the Court on a plea of guilty?

THE DEFENDANT: Yes.

THE COURT: On a plea of guilty I can sentence you to the penitentiary for a term of not less than fourteen years and any number of years thereafter, even up to 200 years or more.

I could also give you the death sentence.

Now, knowing this, do you still persist in your plea of guilty?

THE DEFENDANT: Yes, Your Honor."

The court proceeded to receive a stipulation of facts supporting the

conviction and thereafter entered judgment on the plea. The court asked defendant if he was satisfied with the services of his attorney; defendant responded affirmatively. The court asked defendant whether his plea of guilty was the result of force or coercion of any kind; defendant responded negatively, and further affirmatively answered the court's inquiry, "And you did this voluntarily and under your own free will?" After a hearing in aggravation and mitigation defendant was sentenced to a term of 15 to 25 years and advised of his rights with respect to appeal.

In his sworn *pro se* petition for post-conviction relief, filed on April 17, 1969, petitioner states in substance that because of his attorney's incompetence, illegally seized evidence (clothing) was "entered as evidence" and was, in part, a basis for his conviction.

On April 22, 1969, an assistant public defender filed an appearance on defendant's behalf.

On January 15, 1970, defendant, *pro se* filed a sworn "Amended Post-Conviction Petition" which stated that he was deprived of his constitutional rights because:

"(a) Petitioner did not understand the jury warnings given by the Court. He did not understand what a jury trial was nor that he was entitled to it. He did not understand the concept of waiver of a constitutional right.

(b) Petitioner plead guilty out of fear and coercion by his attorneys. He was told that he had a 'bad case' and that if he didn't plead guilty he would get 199 years of the chair. [sic] That weakened his resolve to go to the trial even though he was and is innocent.

(c) Petitioner's Court [sic] appointed counsel consulted him only 4 or 5 times while petitioner was awaiting trial and had not properly prepared petitioner's case.

(d) Petitioner was in fear of death so he agreed to the deal of 15 to 25 years which his attorney had made with the Judge and the States Attorney."

The State moved to dismiss the amended petition alleging that petitioner failed to raise any Constitutional questions within the purview of the statute and that even if petitioner's contentions, taken in their broadest sense, are construed to raise Constitutional questions they are bare allegations, insufficient to require a hearing.

A series of documents captioned: "Motion for Leave to Supplement Post-Conviction Petition, *Pro Se*," "Special Motion and Supplement to Post-Conviction Petition," "Motion for Change of Venue," "Motion To Dismiss Public Defender" and "Motion for Personal Appearence [sic]" were notarized on April 21, 1970, and filed on June 2, 1970, slightly less

than a month after the hearing on and dismissal of the petition. One of those documents, the "Special Motion and Supplement To Post-Conviction Petition," alleged that petitioner's Constitutional rights were violated by the improper and suggestive manner in which some witnesses were allowed to view and identify him.

On May 6, 1970, the court, after a non-evidentiary hearing, denied defendant's amended post-conviction petition and granted the State's motion to dismiss.

*Opinion*

■■ The matters raised by petitioner, through his attorney, in this appeal relate to the involuntary character of his guilty plea brought about by the trial judge's denial of defense motions to suppress identification testimony and physical evidence and the denial of a defense motion for a transcript of those hearings. Any claim of Constitutional error based upon those grounds was waived by petitioner's voluntary plea of guilty. (*People v. Brown* (1969), 41 Ill.2d 503, 505, 244 N.E.2d 159, 160.) Moreover, petitioner's claim that his plea was involuntary is ill-founded in light of the colloquy between the court and defendant referred to above.

■■ (See *Parker v. North Carolina* (1970), 397 U.S. 790, 796; *People v. Olson* (1970), 46 Ill.2d 167, 171, 263 N.E.2d 92, 94. See also *McMann v. Richardson* (1970), 397 U.S. 759.) Petitioner contended in his sworn *pro se* "Amended Post-Conviction Petition" that his plea of guilty was not voluntary in that he did not understand the jury warnings, the nature of a jury trial, that he was entitled to a jury trial, or the concept of waiver of a constitutional right. Those contentions, however, are rebutted by the record. He further states that his plea resulted from his being informed that he had a "bad case" and that he could get a long sentence or the death penalty if he went to trial. His knowledge of the possibility of a long sentence or the death penalty was not an improper inducement for defendant's guilty plea. (See *People v. Brown, supra,* at 505-506, 244 N.E.2d at 160.) It was the duty of the court and defense counsel to inform defendant of those possibilities to thereby enable him to make an intelligent decision with respect to his plea.

■■ Petitioner cannot complain of the failure of the court-appointed defense attorney to consult more often with him or counsel's alleged failure to properly prepare a defense in light of his statement to the judge that he was satisfied with the services of his attorney. See *People v. Olson, supra.*

■■ In defendant's original petition for post-conviction relief he urged that his trial attorney's incompetence resulted in illegally seized evidence being used to obtain a conviction against him. Although the petition is verified, it is devoid of corroborative material and there is no

stated reason for the lack of such material. Thus, because the allegation is a mere conclusion it is not sufficient to require a post-conviction hearing or relief. (*People v. Gendron* (1969), 41 Ill.2d 518, 519, 244 N.E.2d 149, 150.) Petitioner's contention raised in his "Special Motion and Supplement to Post-Conviction Petition" that his constitutional rights were violated by the manner in which witnesses were allowed to view and identify him was waived by his voluntary plea of guilty. *People v. Brown, supra.*

The judgment of the circuit court is affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.