THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* DELIA JONES, Petitioner-Appellant.

(No. 56637; )

First District—August 10, 1972.

148

Tyrone C. Fahner, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and James Sternik, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This appeal arises from the denial of petitioner's request for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 et seq.) Petitioner was indicted for murder, armed robbery and auto theft. On December 18, 1967, petitioner withdrew her plea of not guilty, and entered a plea of guilty to voluntary manslaughter, armed robbery, and auto theft. Before accepting the plea of guilty, the trial judge gave petitioner a separate admonishment on each of the three crimes. After petitioner answered all of the questions directed to her by the court, the petitioner and State entered a stipulation to a statement of facts detailing all the necessary elements of the three crimes to which she was pleading guilty. The court then accepted the pleas of guilty, and sentenced petitioner to 8 to 20 years for voluntary manslaughter, 8 to 20 years for armed robbery, and 1 to 10 years for auto theft, the sentences to run concurrently.

In April, 1970, petitioner filed a petition for post-conviction relief. In that petition and on appeal, petitioner has charged that the hostility displayed by the trial court amounted to a denial of due process and rendered the plea of guilty involuntary; that the court erred in denying her motions to suppress oral statements and physical evidence; that the court erred in denying petitioner's motion for a substitution of judges; and that the guilty plea should be vacated because the court failed to honor a promise regarding the length of the sentence. Petitioner has also charged that her guilty plea was involuntary as the result of suppression of evidence by the State favorable to her and because of the trial court's erroneous belief regarding some of the facts of the case. Because the trial judge, Francis T. Delaney, was to be a witness, the post-conviction hearing was conducted by Judge Joseph A. Power. After an evidentiary hearing, Judge Power denied the petition for post-conviction relief. Petitioner appealed to the Supreme Court, and the Supreme Court transferred the cause to this court.

■■ A plea of guilty, voluntarily and understandingly made, waives all non-jurisdictional defects and errors. (*People v. Schnexnyder*, I Ill. App.3d 571, 274 N.E.2d 688.) Ordinarily, alleged errors of the trial court in ruling on pre-trial motions are not a basis for relief under the Post-

Conviction Hearing Act. (*People v. Evans*, 37 Ill.2d 27, 224 N.E.2d 778.) We hold that matters relating to the correctness of the trial court's denial of defense motions to suppress oral statements and physical evidence, and the court's denial of a motion for a substitution of judges are waived by an accused's voluntary plea of guilty. See *People v. Brown*, 41 Ill.2d 503, 244 N.E.2d 159; *McMann v. Richardson*, 397 U.S. 759.

■■ Although we have determined that any error in denying a motion for substitution of judges is waived by a voluntary plea of guilty, we also believe that the court did not err in denying the instant petitioner's motion for a substitution of judges. Petitioner requested the substitution some time after the court had denied her motion to suppress the oral statements. She concedes that, under such circumstances, after the trial court has ruled on matters going to the merits, there must be a showing of actual bias or prejudice on the part of the judge. However, at the hearing on the motion for substitution, petitioner testified that her belief in the judge's prejudice was based upon his denial of her earlier motion to suppress oral statements. This did not entitle petitioner to a substitution of judges. It should also be noted that at a subsequent court hearing, the trial judge, in commenting on his earlier denial of the motion, invited defense counsel to renew the motion, but counsel declined.

Petitioner, however, contends that the hostility of the trial judge coerced her plea of guilty and rendered it involuntary. In making this argument, she relies primarily on certain comments of the judge and his attitude throughout the entire proceedings. This contention requires a brief summary of the circumstances surrounding petitioner's arrest.

Petitioner and Gary Horton, while in a stolen car, were pursued by a police sergeant for a traffic violation. The chase ended when Horton crashed into a post, and then shotgunned the police sergeant to death as he approached the car. Petitioner, carrying in her hand a toy gun painted black, and Horton fled together, and were trapped in an alley by other police. After an exchange of gunfire with the police, Horton was killed and petitioner was wounded. The petitioner then shouted: "Don't shoot, I'm hurt. I'm only 17 years of age." (She actually was 26 years old.) After she emerged from a garage in the alley and was arrested, petitioner gave a fictitious name, and said that she didn't know who Horton was. This conversation occurred before any *Miranda* warnings were given.

In denying petitioner's motion to suppress the above statements, the trial court commented that "all there was to suppress was two lies and a phony name." He also expressed some dissatisfaction with the holding

in *Miranda*. He added that he would not require a police officer to give *Miranda* warnings while he was being fired upon, particularly after a fellow officer had been shot. The judge, while emphasizing that he had no bias against petitioner, repeated the latter part of the above comment at another court hearing. Several times the court also referred to petitioner's giving of a fictitious name when arrested.

A careful examination of the entire record and particularly of the judge's comments does not persuade us that the trial judge demonstrated hostility towards defendant. While some of his words were ill-chosen, we do not believe that in any manner they could be interpreted as having coerced her plea of guilty. Rather we believe that a recent holding of our Supreme Court in *People v. Olson*, 46 Ill.2d 167, 263 N.E.2d 92, is pertinent. In that case, defendant pleaded guilty to rape, robbery and deviate sex assault. He subsequently sought post-conviction relief and charged that his guilty plea was coerced because the prosecutor had a confession obtained from him without the *Miranda* warnings. He also maintained that he would not have pleaded guilty if he had not been the victim of force. In upholding the dismissal of his post-conviction petition, the court stated at p. 171:

> "'a voluntary plea of guilty waives errors or irregularities, that are not jurisdictional' * * * and petitioner's bare conclusory assertions that he was 'coerced' are singularly unpersuasive in view * * * of the petitioner's positive statements at the time of entry of the pleas that he understood the admonitions of the court and wanted to change his pleas from 'not guilty' to 'guilty.'"

See also *Parker v. North Carolina*, 397 U.S. 790; *Brady v. United States*, 397 U.S. 742; *North Carolina v. Alford*, 400 U.S. 25.

■■■ In the instant case, petitioner entered a plea of guilty after a separate and comprehensive admonishment from the court in each of the three cases. That plea of guilty was entered while she was represented by competent counsel, and it came several months after the alleged coercive remarks of the trial judge. As we have stated, we do not believe those comments to have been coercive nor the judge's attitude hostile. We conclude that a valid guilty plea may not be withdrawn under the guise of coercion because of alleged non-jurisdictional errors made prior to the entry of that plea.

■■ In her petition, petitioner also contends that her plea of guilty was coerced because the State allowed the judge to remain under a misapprehension as to certain facts of the case. The trial judge's comments, in discussing the requirements of *Miranda*, would suggest that he believed petitioner was firing shots. However the record is clear that the court understood that petitioner was carrying a toy pistol while Horton was

firing the shots. Indeed, at one point in the proceedings, the judge stated that he would not require police to read warnings to a defendant when the defendant or "whoever it was" was firing shots at the officer. Moreover, even if there was a misapprehension of facts by the court at the pretrial stage of the proceedings, that mistake could not be considered as coercive of a plea of guilty.

■■ Petitioner further argues that the failure of the prosecution to furnish certain police reports to her prior to trial contributed to coercing her plea of guilty. Since she was unaware of the reports, the failure to receive them prior to trial could not have coerced her into pleading guilty. Moreover, petitioner was not entitled to the police reports until the time of trial. *People v. Moses,* 11 Ill.2d 84, 142 N.E.2d 1.

Petitioner finally contends that the judgment should be vacated because the trial court failed to honor a promise that if she entered a plea of guilty, she would receive a sentence of 7 to14 years. At the evidentiary hearing, the only testimony offered in support of the assertion was that of petitioner's mother. The mother testified that in March or April, 1967, the assistant Public Defender first assigned to her daughter's case stated that the State would recommend a sentence of 7 to 14 years in exchange for a guilty plea. On cross-examination, the mother stated that she never mentioned that conversation to her daughter or to the assistant Public Defender who subsequently was assigned to the case. Both assistant Public Defenders, the two assistant States Attorneys assigned to the case, and the trial judge testified at the hearing concerning the plea bargaining, and all stated that there never was a promise of a 7 to 14 years sentence. John Van Zeyl, the assistant Public Defender first assigned to the case, testified that he received only one offer from the State, and that was for a 20 to 40 year sentence. Van Zeyl remembered talking to petitioner's mother, but did not recall the figure of 7 to 14 years being mentioned.

■■ Factual determinations by a judge who hears evidence in postconviction proceedings will not be disturbed on review unless "manifestly erroneous." (*People v. Bratu,* 46 Ill.2d 143, 262 N.E.2d 921.) Here, the court found that no promise of a 7 to 14 year sentence had ever been made. The record supports that finding.

For the foregoing reasons, the order denying the petition for postconviction relief is affirmed.

Order affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.