THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PEREZ FUNCHES, Defendant-Appellant.

(No. 56748;

First District—December 15, 1972.

Saul R. Leibowitz, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Robert J. Cohen, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

On September 16, 1968, defendant was sentenced in the Circuit Court of Cook County to a term of 15 to 40 years after pleading guilty to a charge of murder. On October 2, 1969, defendant filed a petition under the Post-Conviction Hearing Act to which the State's Attorney filed a motion to strike on May 23, 1970. On June 25, 1970, a hearing was held, the motion to strike was sustained, and the petition was dismissed without an evidentiary hearing. Defendant appealed to the Supreme Court which transferred the case here.

Defendant contends (1) that the trial court erred in denying an evidentiary hearing since the allegations in his petition charged substantial violations of constitutional rights, and (2) that the allegations of his petition must be taken as true since the State's motion to dismiss admits the truth of all matters well pleaded.

■■ Defendant's petition alleged that on December 12, 1967, at about 10:00 P.M., after visiting Mrs. Shirley Green, they decided to go to a nearby restaurant to get something to eat. After leaving Mrs. Green's home, they saw three men running from a fourth man who was lying on the pavement bleeding. Defendant told Mrs. Green he was going on to the restaurant to call the police and order some sandwiches, so she could go home. As he was leaving, he noticed a gun about 10 feet from the man. He put the gun in his pocket so he could give it to the police when he saw them. As soon as he arrived at the restaurant, he called the police. When they came to investigate, all of the people in the restaurant were forced to stand against the wall for a search. The gun was discovered before he could explain to the police how he had found it. He was then severely beaten by the police. That same evening he was

taken to the hospital where the victim, in critical condition, failed to identify him until pressured to do so by the police. He was returned to the police station and beaten again in an effort to obtain his confession. He was never given medical care.

Defendant also alleges numerous examples of perjury by the police who, he claims, joined with his attorney in pressuring him to enter a plea of guilty. He claims that his only witness, Mrs. Green, was threatened with the electric chair or a long prison term if she testified for defendant and she was also told her six children would be taken from her.

Defendant's petition does not contain any supporting affidavits from Mrs. Green or anyone else, and their absence is not explained. The Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—2), requires that defendant's petition "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." *

In the cases relied on by defendant in support of his first contention, defendant's petition either was supported by an affidavit (*People v. Wegner*, 40 Ill.2d 28, 237 N.E.2d 486), or explained why one was not attached. (*People v. Washington*, 38 Ill.2d 446, 232 N.E.2d 738.) And *People v. Wilson*, 39 Ill.2d 275, 235 N.E.2d 561, is not in point as the dismissal was reversed because of inadequate representation by counsel and the opinion did not consider the merits of the petition. In the present case, the petition was ably argued by defendant's court-appointed counsel. Further on that point, defendant's petition suggests that his counsel was incompetent because he failed to call Mrs. Green as a witness or otherwise present a defense. Yet there was no evidence presented by affidavit or otherwise to support his claim that Mrs. Green was threatened or coerced by the police and forced not to give testimony on his behalf. Without her affidavit, he has failed to demonstrate that any defense was available to his counsel, and his argument in that regard must therefore fall.

■■ Next, he suggests that he was coerced by his trial attorney to enter a plea of guilty. The record, however, shows that defendant's plea of guilty was voluntarily given. In the report of proceedings for August 23, 1968, the following appears:

"THE CLERK: Perez Funches, George Henry Davie.

THE COURT: Mr. Funches, your attorney has requested a conference with the State's Attorney and the judge. Do you understand that? Is it all right with you?

---

* Since defendant's petition contained no substantiation of the allegations contained therein, it did not comply with the statute.

MR. FUNCHES: Yes.

THE COURT: In the conference we talk about the facts and also talk about your background, and after the conference you cannot ask for a new judge. Do you understand that?

MR. FUNCHES: Yes.

MR. BASVIC: Will it be necessary for either Mr. Davie or myself to be here?

MR. WARD: I'll waive the appearance of Mr. Davie.

[After an interval of time the following proceedings were had:]

THE CLERK: Perez Funches.

MR. HERMES: At this time on behalf of the defendant Perez Funches as to indictment 68-766, your Honor, we ask leave to withdraw our plea of not guilty heretofore entered in this cause and enter a plea of guilty to that indictment. Is that correct, Mr. Funches?

MR. FUNCHES: Yes.

THE COURT: Mr. Funches, your counsel advises me you wish to change your plea of not guilty to a plea of guilty. Is that correct?

MR. FUNCHES: Yes.

THE COURT: Speak up.

MR. FUNCHES: Yes.

THE COURT: When you plead guilty you waive your right to a jury trial. Do you understand that?

MR. FUNCHES: Yes.

THE COURT: Before accepting your plea of guilty it is my duty to advise you that on your plea of guilty to this indictment which charges you with murder you may be sentenced to the penitentiary for a term of years. It may be any number of years not less than fourteen. Knowing that, do you still persist in your plea of guilty?

MR. FUNCHES: Yes.

THE COURT: Let the record show the defendant has been advised of the consequences of his plea of guilty to this indictment and that after being so advised insists in his plea of guilty. The plea will be accepted and there will be a finding of guilty of murder in manner and form as charged in the indictment. There will be a judgment on the finding. Judgment will be entered."

In none of the above do we find any indication that defendant was coerced into entering his plea of guilty.

■■ The function of a post-conviction proceeding is not to relitigate defendant's guilt or innocence; rather, it is to determine whether peti-

tioner has been denied constitutional rights. (*People v. Shaw*, 49 Ill.2d 309, 273 N.E.2d 816.) Although, as a general rule, a motion to dismiss will be considered to accept as true all allegations of fact properly pleaded (as intended by defendant), when ruling on a motion to dismiss a post-conviction petition, the circuit court may render its decision not only upon the allegations, true or untrue, which are contained in the pleading to which the motion is directed, but also upon the transcript of the trial or other proceedings such as in this case. (*People v. Morris*, 43 Ill.2d 124, 251 N.E.2d 202; *People v. Slicker*, 42 Ill.2d 307, 247 N.E.2d 407.) Since defendant has made only broad nonspecific assertions and has failed to present a substantial showing of violation of his constitutional rights, his petition was nonmeritorious on its face and we find the trial court acted properly when it dismissed the petition without an evidentiary hearing. *People v. Smith*, 40 Ill.2d 562, 241 N.E.2d 413.

The judgment is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.