THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JAMES A. PAYNE, Petitioner-Appellant.

(No. 58176;

First District (4th Division)—November 28, 1973.

Kenneth L. Gillis, Deputy Defender, of Chicago (Steven Clark, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman, Douglas Cannon, and Ferdinand Minelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The petitioner-appellant was indicted for murder, burglary, and armed robbery and on July 20, 1965, withdrew a plea of not guilty and pled guilty to the charges. He was sentenced to concurrent terms of 20 to 50 years on each charge and did not appeal from these convictions. The petitioner-appellant filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et. seq.*) on May 19, 1970. On July 29, 1970, a private attorney was appointed to represent the petitioner and on June 23, 1971, the Illinois Defender Project was appointed to substitute as counsel. The petitioner's appointed counsel filed an amended petition for post-conviction relief on April 10, 1972. The State filed a motion to dismiss the amended post-conviction petition and the trial court heard argument on the motion on July 12, 1972.

The amended post-conviction petition alleged that the petitioner had been denied effective assistance of counsel and that counsel had coerced the petitioner into entering a plea of guilty. Paragraph four of the petition read:

"Petitioner states that his counsel, Assistant Public Defender John J. McDonnell, on July 20, 1965 came to the bull-pen and told petitioner that the State's Attorney had petitioner's confession. Petitioner states that Mr. McDonnell told him there was no defense and that if petitioner did not plead guilty he would get the electric chair. Petitioner persisted in his desire to plead not guilty until the bailiff informed him that Mr. McDonnell was before the court asking to withdraw as counsel since his client would not plead guilty. After hearing this, petitioner told Mr. McDonnell that he would enter a plea of guilty."

The petition did not have attached thereto affidavits, records, or other evidence supporting its allegations nor did it state why the same were not attached as required by section 122—2. (Ill. Rev. Stat. 1969, ch. 38, par. 122—2.) However, petitioner's appointed counsel did state at the hearing on the State's motion to dismiss that efforts were made to contact Mr. McDonnell but apparently to no avail. The State's motion to dismiss was predicated on the grounds that the allegations in the petition did not raise any constitutional issues under the Post-Conviction Hearing Act and even if they were constitutional they were merely bare allegations which were insufficient to require a hearing. The State's motion included a transcript of the change of pleas. At the hearing on the motion to dismiss the State argued that this was not a factual situation that required a hearing because the petition contained only bare allegations which were completely refuted by the transcript of the guilty plea. The trial court agreed and the petition was dismissed without an evidentiary hearing. In this appeal the petitioner contends that his postconviction petition alleging a coerced guilty plea required an evidentiary hearing even though it lacked supporting affidavits because the petition was not merely conclusory. We find no merit in this contention.

■■ The petitioner contends that his petition raised a factual issue which was not resolved by the record and therefore an evidentiary hearing was required. The petitioner cited *People v. Sigafus* (1968), 39 Ill.2d 68, 223 N.E.2d 386, in which a post-conviction petition alleged that the defendant pleaded guilty to a charge of theft in reliance on a promise of the prosecutor that if he did so the charge would be treated as a misdemeanor and the sentence would be one year or less. The defendant was sentenced to from 2 to 7 years. The Supreme Court stated:

"The conflicting representations of the petitioner and the prosecutor created a factual issue as to a claimed occurrence upon which the record casts no helpful light. When a claim of substantial constitutional denial is based on assertions beyond the record it is contemplated by the Post-Conviction Hearing Act that evi-

dence be taken. (See *People v. Airmers* (1966), 34 Ill.2d 222, 226.)" *People v. Sigafus* (1968), 39 Ill.2d 68, 70, 223 N.E.2d 386, 387.

However, it is also the law that a petitioner's claim which is based upon matters in the record does not require an evidentiary hearing nor do unsupported conclusionary statements. (*People v. Airmers* (1966), 34 Ill.2d 222, 215 N.E.2d 225; *People v. Morris* (1969), 43 Ill.2d 124, 251 N.E.2d 202.) After a careful review of the record and especially the transcript of the change of plea proceedings, we are of the opinion that the record totally refutes the petitioner's claims which are unsupported and merely conclusionary.

The transcript of the change of plea proceeding reflects that petitioner's public defender, Mr. McDonnell, informed the court that he had consulted with the petitioner on numerous occasions and discussed the case completely with petitioner. Mr. McDonnell advised the court that he had informed the petitioner he could receive a sentence for an indeterminate number of years to start with 14 or receive death in the electric chair on the murder indictment; that petitioner could be sentenced to any number of years for burglary; and that petitioner could receive any number of years from one to a determinate number of years for armed robbery. Mr. McDonnell told the court that the petitioner still wanted to change his plea to guilty and petitioner was asked by Mr. Donnell whether or not this was correct and petitioner answered, "Yes". The petitioner was also asked by Mr. McDonnell whether his plea of guilty was free and voluntary on all the indictments and he answered, "Yes, sir." Mr. McDonnell also stated, "And for the record I would like to state he is completely satisfied with the representation of the Public Defender's office and this Public Defender. Is that correct, James?" The petitioner responded, "Yes." The court then informed the petitioner that the consequence of his guilty plea was to waive his right to a jury trial. The petitioner was also informed by the court of the possible sentences that could be imposed under each indictment and petitioner was asked if he still persisted in his plea of guilty. Petitioner responded, "Yes, your honor." The plea of guilty was therefore accepted. It should be noted that the competency of Mr. McDonnell was commented upon by the court at the hearing on the State's motion to dismiss the amended post-conviction petition. The court stated, "* * * I remember Mr. McDonnell worked before me very well, conscientious. He was one of the Public Defenders that the defendants used to request to represent them because of his capability as a Public Defender."

■■ The trial court in rendering its decision to dismiss the petition

and the State in argument on the motion to dismiss the petition placed much emphasis on the colloquy that occurred at the change of plea proceeding. The propriety of doing so was well stated in *People v. Morris* (1969), 43 Ill.2d 124, 251 N.E.2d 202;

"* * * The denial of an evidentiary hearing and the granting of the State's motion to dismiss were proper since the circuit court, upon a motion to dismiss a post-conviction petition, may render its decision on the basis of what is contained in the pleading to which the motion is directed, considered with the transcript of the trial or other proceedings. (*People v. Slicker*, 42 Ill.2d 307.)"
*People v. Morris* (1969), 43 Ill.2d 124, 128, 251 N.E.2d 202, 204.

The petitioner in the case at bar cited *People v. Washington* (1967), 38 Ill.2d 446, 232 N.E.2d 738, as authority for the proposition that the petitioner's sworn statement was sufficient in itself to warrant a hearing where the petitioner explained the absence of supporting affidavits, in that his incarceration and indigence made it impossible to obtain affidavits. However, as previously stated, the instant petition contained no explanation for the absence of supporting material and it was not until the hearing on the motion to dismiss that any explanation was set forth. In addition *People v. Washington* is not authority for the exact proposition that petitioner contends. In *People v. Spicer* (1970), 47 Ill.2d 114, 264 N.E.2d 181, the court referring to *People v. Washington* stated:

"We held that the petition itself was a sworn statement by the accused *and that in the absence of anything in the record disputing the allegations he was entitled to a hearing to determine their truth or falsity.* Here there are other facts in the record bearing on the issue, so the question is whether the allegations of the petition are sufficient to warrant a hearing when considered with such other facts." *People v. Spicer* (1970), 47 Ill.2d 114, 118, 264 N.E.2d 181, 183. (Emphasis added.)

Therefore, while the petition itself in the case at bar was a sworn statement by the accused, the record totally repudiates the allegations contained in the petition.

The transcript of the change of plea proceeding shows that petitioner's appointed counsel conferred with petitioner several times and apprised the petitioner as to the nature and seriousness of the offenses with which petitioner was charged and the possible sentences he could receive. The petitioner told the court his change of plea was free and voluntary as to all the indictments and that he was fully satisfied with his appointed counsel. The declarations were made in open court and there is no evidence they were coerced. It is of no consequence that the questions were asked by the petitioner's appointed counsel. The

transcript also reflects that the petitioner was adequately admonished by the court as to each of the three indictments. The case of *People v. Olson* (1970), 46 Ill.2d 167, 263 N.E.2d 92, is very similar to the case at bar and the court there held that an evidentiary hearing was not required on a petition for post-conviction relief. In doing so, the court specifically referred to the transcript of the change-of-plea proceeding:

> "In addition, the transcript of the change-of-plea proceedings clearly demonstrates that petitioner was separately admonished as to each of the three charges, the trial judge explaining that the plea of guilty constituted an automatic waiver of a jury trial and the petitioner responding affirmatively when asked whether he understood this. Those proceedings also included a statement by petitioner's counsel that it was his understanding that petitioner was entirely satisfied with the representation afforded him; when asked if this was correct, petitioner responded affirmatively." *People v. Olson* (1970), 46 Ill.2d 167, 171, 263 N.E.2d 92, 94.

The record, therefore, is evidence that the petitioner's change of plea was done knowingly and understandingly and that no coercion was involved.

■■ It does not amount to coercion for defense counsel to inform his client as to the weakness of his case and the possibility that a death sentence could be imposed if he chose to go to trial. In *People v. Stringfellow* (1972), 5 Ill.App.3d 944, 284 N.E.2d 496, the court held that an evidentiary hearing on a post-conviction petition was not required. The petition alleged among other things that the guilty plea was made out of fear and coercion by the petitioner's attorneys. The court said:

> "He further states that his plea resulted from his being informed that he had a 'bad case' and that he could get a long sentence or the death penalty if he went to trial. His knowledge of the possibility of a long sentence or the death penalty was not an improper inducement for defendant's guilty plea. (See *People v. Brown, supra*, at 505-506, 244 N.E.2d at 160). It was the duty of the court and defense counsel to inform defendant of those possibilities to thereby enable him to make an intelligent decision with respect to his plea." *People v. Stringfellow* (1972), 5 Ill.App. 3d 944, 947, 284 N.E.2d 496, 498.

The petitioner's defense counsel and the court in the case at bar had a similar duty.

As stated previously, the record in the instant case completely refutes the unsupported allegations of the petition. There was no need to hold an evidentiary proceeding. As stated in *People v. Spicer, supra*, at 119, "* * * It would seem incredible that any fact-finder would believe

defendant if he now testified in support of his allegations, and his testimony would be of little, if any, value at an evidentiary hearing." We are, therefore, of the opinion that considering the allegations of the petition in conjunction with the record in this case, the trial court did not err in dismissing the petition without an evidentiary hearing.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, and JOHNSON, JJ., concur.